Ruth Gorman & others[1] *vs.* City of New Bedford
& another.

Bristol.   December 4, 1980. — February 27, 1981.

Present: Hennessey, C.J., Braucher, Kaplan, & Wilkins, JJ.

*Municipal Corporations*, Water supply.   *Constitutional Law*, Home
    Rule Amendment, Legislation favoring individual.   *General Court*,
    Power over municipality.

Special acts of the Legislature, requested by the city of New Bedford,
    which collectively authorized the city to place on the official ballot at
    the 1979 municipal election the question whether fluoridation of the
    public water supply should be continued, were not barred by the
    Home Rule Amendment to the Massachusetts Constitution by reason
    of their exempting the city from provisions of the General Laws.
    [59-60]
Special legislation authorizing the voters of New Bedford to vote on the
    fluoridation of the city's water supply did not suspend the laws in
    violation of art. 20 [60] or unfairly provide some individual benefit or
    impose a disadvantage in violation of art. 10 [60-61] of the Massachu-
    setts Declaration of Rights.

Civil action commenced in the Supreme Judicial Court
for the county of Suffolk on October 16, 1979.

On transfer to the Superior Court Department the case
was heard by *Silva*, J., a District Court judge sitting under
statutory authority.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Herbert H. Hershfang* for the plaintiffs.
*Philip N. Beauregard*, City Solicitor, for the city of New
Bedford.

---

[1] The other plaintiffs are fifteen other "citizens" of New Bedford and the
Massachusetts Dental Society.

*Thomas Miller*, Assistant Attorney General, for the Attorney General, intervener.

WILKINS, J. In accord with the requirements of the Home Rule Amendment, art. 2 of the Amendments to the Massachusetts Constitution, as appearing in art. 89 of the Amendments, the city of New Bedford sought and obtained legislative authorization to conduct a vote at its 1979 municipal election on the question whether the city's water supply should continue to be fluoridated. St. 1979, c. 243, as amended by St. 1979, c. 447. The plaintiffs challenge the lawfulness of the legislation, claiming that the Home Rule Amendment invalidates that special authorization. We see no valid basis for this contention, nor any support for the plaintiffs' other constitutional challenges to the special legislation. Thus, having transferred the plaintiffs' appeal here on our own motion, we affirm that portion of the judgment that declared the special legislation constitutional.

The case was presented on a stipulation of facts, material portions of which we summarize. The individual plaintiffs are taxpayers and inhabitants of New Bedford who support fluoridation in New Bedford. The plaintiff Massachusetts Dental Society, which represents more than 85% of the dentists licensed to practice dentistry in the Commonwealth, supports the fluoridation of public water supplies. In November, 1973, the voters of New Bedford voted (17,515 to 13,813) to approve the fluoridation of the city's public water supply. See G. L. c. 111, § 8C. Implementation of fluoridation was delayed by construction of a new water purifying station. Fluoridation began in New Bedford in 1978. In 1979, in response to petitions from the city, the Legislature passed two acts which collectively authorized New Bedford to place on the city's 1979 official ballot the question whether the fluoridation of the public water supply for domestic use in the city should be continued. St. 1979, c. 243 and c. 447.[2]

_____

[2] Chapter 243 of the Acts of 1979 authorized a vote in New Bedford on the 1980 State ballot, as follows:

"Notwithstanding the provisions of section eight C of chapter one hun-

This action was commenced in October, 1979, seeking a declaration that the special legislation was unconstitutional and also seeking an injunction against placing the fluoridation question on the 1979 ballot. The injunction request was denied in the form sought, but the city has been enjoined from discontinuing the fluoridation of the public water supply pending the final determination of this action. In the municipal election of November, 1979, the vote was against continued fluoridation (20,181 to 9,912). In December, 1979, the Attorney General was authorized to intervene as a defendant.

1. The plaintiffs' principal argument is that the legislation authorizing New Bedford to conduct a plebiscite on the issue of fluoridation is barred by the Home Rule Amendment. The contention is that the relevant statutes are not special acts relating to local matters, authorized by the Home Rule Amendment, but rather are amendments to the General Laws with Statewide application that may not properly be enacted in response to New Bedford's requests. It is improbable that a constitutional amendment strengthening local control of various matters would contain a new and insidious restriction against the Legislature's authorizing particular action desired by a municipality. Thus, as

---

dred and eleven of the General Laws, the state secretary shall place on the official ballot of the city of New Bedford at the next state biennial election to be held in the year nineteen hundred and eighty the following question:- 'Shall the fluoridation of the public water supply for domestic use in the city of New Bedford be continued?' If the majority of votes in answer to said question is in the negative, the water supply of said city shall not be fluoridated."

The second act (St. 1979, c. 447), approved about two months later, moved the vote up to the 1979 municipal election. It reads as follows:

"Chapter 243 of the acts of 1979 is hereby amended by striking out the first sentence and inserting in place thereof the following sentence:- The city of New Bedford shall place on the official ballot to be used for the election of city officers in said city at the municipal election to be held in the current year the following question:- 'Shall the fluoridation of the public water supply for domestic use in the city of New Bedford be continued?'"

to the case before us, it seems most unlikely in a practical sense, and just wrong in a theoretical sense, that the Home Rule Amendment would limit the city and the State from agreeing on legislative action authorizing a local plebiscite on fluoridation. A review of the provisions of the Home Rule Amendment shows nothing that restricts the Legislature, on petition of a municipality, from exempting the municipality from the provisions of a General Law. If, as the plaintiffs argue, the two legislative acts were not special laws requiring local initiation but rather were amendments to the General Laws, a point with which we do not agree, the Home Rule Amendment would have no applicability at all to this case. If there is a constitutional problem with enacting a requested special law exempting a municipality from the provisions of a General Law, it lies elsewhere than in the Home Rule Amendment. We, therefore, turn to the plaintiffs' other challenges to the validity of the legislation authorizing New Bedford to conduct a vote on fluoridation.

2. We reject the argument that the special legislation concerning fluoridation in New Bedford violates art. 20 of the Declaration of Rights of the Constitution of the Commonwealth. Article 20 states in effect that only the Legislature may suspend the laws and then only by express suspension. By the special acts, the Legislature explicitly authorized the voters of New Bedford to vote on the fluoridation of the city's water supply. Therefore, assuming that, by giving the New Bedford voters a choice, the special legislation vicariously authorized the suspension of the laws concerning fluoridation, the fact remains that it was the Legislature that authorized the "suspension" and hence no violation of art. 20 is presented in this case. See *Commissioner of Pub. Health* v. *Bessie M. Burke Memorial Hosp.*, 366 Mass. 734, 741 (1975). The granting of a local option to accept or reject the provisions of a General Law is not a violation of art. 20 in the absence of a showing that the distinction among municipalities was unreasonable. *Opinion of the Justices*, 286 Mass. 611, 618-619 (1934).

3. We also find no merit in the plaintiffs' claim that there was a violation of art. 10 of the Declaration of Rights of the

Constitution of the Commonwealth. They contend that it is improper to exempt identifiable individuals from the requirements of the General Laws concerning fluoridation, citing *Commissioner of Pub. Health* v. *Bessie M. Burke Memorial Hosp., supra* at 742, 743, *Paddock* v. *Brookline*, 347 Mass. 230, 232 (1964), and *Holden* v. *James*, 11 Mass. 396, 405 (1815). We pass by the point whether on this record the plaintiffs have any standing to assert this art. 10 argument on their own behalf or on behalf of others.

The contention that the special acts concerning New Bedford unfairly provided some individual benefit or disadvantage not otherwise found in the applicable General Laws is unwarranted. There is no general, Statewide mandate that public water supplies be fluoridated. Section 8C of G. L. c. 111 provides for the fluoridation of public water supplies for domestic use upon the order of a local board of health, but preserves the right of the voters to negate the order at the next municipal election if 10% of the registered voters petition for a local plebiscite. See *Board of Health of N. Adams* v. *Mayor of N. Adams*, 368 Mass. 554, 556-558 (1975). If there is a negative vote, the municipality may not fluoridate its water supply for at least two years from the date of the negative vote. The special legislation in this case simply gave New Bedford's voters another chance to vote against fluoridating the public water supply. The effect of this limited legislation hardly constitutes the unfair granting of an individual benefit or the denying to an individual of rights generally available to others, and thus does not present any serious question of special legislation in violation of art. 10. The special acts are not shown to do injury to the constitutionally protected interest of any individual. See *Commissioner of Pub. Health* v. *Bessie M. Burke Memorial Hosp., supra* at 744.[3]

---

[3] The question is not presented for our determination whether the fluoridation of public water supplies is desirable or undesirable. Certainly, there is no case made, or attempted to be made, that a person is entitled to the fluoridation of his or her drinking water as a matter of constitutional right.

4. We affirm the judge's determination expressed in the judgment that the 1979 special acts were constitutional. The judgment also stated that "the complaint and preliminary injunction are hereby dismissed." Because the parties are entitled to a declaration of their rights, the complaint should not have been dismissed. We vacate that portion of the judgment that is quoted above. Judgment shall be entered declaring the special acts to be constitutional and dissolving the preliminary injunction.

*So ordered.*