RICHARD J. CIVITARESE, trustee,[1] *vs.* TOWN OF
MIDDLEBOROUGH & others.[2]

Plymouth. April 7, 1992. - May 20, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ

*Rent Control,* Declaration of public emergency. *Middleborough. Munici-*
  *pal Corporations,* Rent control, Home rule. *Constitutional Law,* Home
  Rule Amendment, Special law. *General Court. Statute,* Special law,
  Construction.

Statute 1985, c. 703, enacted to enable the town of Middleborough to con-
  trol rents and evictions in mobile home parks, was preceded by a valid
  declaration by the Legislature of a public emergency, and there is no
  requirement that the town, in the first instance, have made such a find-
  ing. [697]
The power of the Legislature under the Home Rule Amendment, art. 89 of
  the Amendments to the Massachusetts Constitution, § 8 (1), to enact
  special laws on petition of a city or town, is not restricted by any provi-
  sion of § 6 of the Home Rule Amendment [698-700], or of G. L. c.
  43B, § 13 [700].
A municipality is not required to adopt an ordinance or by-law to imple-
  ment a special law enacted by the Legislature pursuant to the Home
  Rule Amendment, § 8 (1), unless the terms of the special law so re-
  quire [700]; the provisions of St. 1985, c. 703, do not require the town
  of Middleborough to adopt by-laws to regulate mobile home park rents
  [700-702].

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 20, 1991.

The case was heard by *George C. Keady, Jr.,* J., on a
statement of agreed facts.

---

[1]Of American Manufacture Home Trust, doing business as Hillcrest
Mobile Home Park.

[2]The board of selectmen of Middleborough and the rent board of
Middleborough.

The Supreme Judicial Court granted a request for direct appellate review.

*Edward H. London* for the plaintiff.

*Daniel F. Murray* for the defendants.

NOLAN, J. The plaintiff trust appeals from the trial judge's denial of its request for a declaratory judgment concerning the validity of the town of Middleborough's (town's) attempt to control rents and evictions at mobile home parks. We granted the plaintiff's application for direct appellate review. We affirm the judgment.

At the annual town meeting on April 25, 1985, the town's residents voted to authorize and direct the board of selectmen (board) to petition the Legislature to enact legislation to enable the town to control rents and evictions in mobile home parks. A State representative filed a petition for that purpose on July 9, 1985, and specific, suggested legislation was attached on July 15, 1985. The legislation, as amended, was subsequently enacted by the House of Representatives and the Senate, and was signed into law by the Governor on December 31, 1985. St. 1985, c. 703. At a special town meeting on March 10, 1986, the town's residents voted "that the Town establish a Rent Board . . . for the purpose of regulating rents, minimum standards for the use or occupancy of mobile home park accommodations and evictions of tenants therefrom pursuant to the provisions of Chapter 703 of the Acts of 1985." The board subsequently designated itself the rent board.

The immediate controversy arose after the plaintiff notified its tenants, by letter dated May 29, 1991, of a rent increase, as well as its belief that the town had not validly enacted mobile home park rent control. The rent board responded, on June 12, 1991, by ordering the plaintiff to rescind the rent increases and by disputing its claim that mobile home park rent control had not been enacted validly. On July 8, 1991, while still reserving its rights under St. 1985, c. 703, the rent board rescinded its earlier order to the plaintiff.

Prior to the rent board's rescission, however, on June 20, 1991, the plaintiff initiated this action seeking a declaratory

judgment that the town did not validly and constitutionally enact mobile home park rent control. After the parties filed cross motions for summary judgment and a statement of agreed facts with exhibits, the Superior Court judge entered judgment in favor of the defendants.

The plaintiff raises two substantive issues on appeal concerning the ability of the town to regulate mobile home park rents: (1) St. 1985, c. 703, is invalid and unconstitutional because the town did not find and declare that a serious public emergency existed; and (2) the town was required to adopt a by-law in order to regulate mobile home park rents.

1. *The need for a local declaration of emergency.* The parties agree that a declaration of a public emergency is a prerequisite to the valid enactment of rent control legislation. See *Newell* v. *Rent Bd. of Peabody*, 378 Mass. 443, 448-449 (1979) (regulation of rents may not continue beyond emergency); *Mayo* v. *Boston Rent Control Adm'r*, 365 Mass. 575, 583 (1974) (Tauro, C.J., dissenting) (public emergency is only justification for governmental control of rents); *Russell* v. *Treasurer & Receiver Gen.*, 331 Mass. 501, 507 (1954) (rent control act predicated on finding of emergency). While the Legislature made such a declaration in § 1 of c. 703,[3] the plaintiff contends that it was necessary for the town, in the first instance, to make the finding of a public emergency before the filing of the petition, and that the Legislature had no basis for making such a declaration. This court, as did the judge, finds no convincing legal authority for the plaintiff's contention that only the town, and not the Legislature, could

---

[3]Section 1 of St. 1985, c. 703, reads as follows: "The general court finds and declares that a serious public emergency exists with respect to the housing of a substantial number of citizens in the town of Middleborough, which emergency has been created by high and unwarranted rental increases imposed by some park owners of mobile home parks located therein; that unless mobile home park rents and evictions are regulated and controlled, such emergency will produce serious threats to the public safety, health and general welfare of the citizens of said town, particularly the elderly; that such emergency should be met by the commonwealth immediately and with due regard for the rights and responsibilities of the town of Middleborough."

make a finding of a public emergency. While there has to be an emergency, who makes that determination, the town or the Legislature, is unimportant.

Regarding the validity of the Legislature's declaration of an emergency, we have often stated that a legislative enactment is presumptively valid. See *Marshal House, Inc.* v. *Rent Control Bd. of Brookline*, 358 Mass. 686, 694-695 (1971), and cases cited. The party who contests the validity of a statute has the heavy burden of proving the absence of any conceivable basis on which the statute may be based. See *Commonwealth* v. *School Comm. of Springfield*, 382 Mass. 665, 675 (1981). The plaintiff, however, provided the judge with no evidence that the emergency described in St. 1985, c. 703, § 1, did not exist at the time of its enactment. We note that whether the emergency that the Legislature declared in 1985 still exists is a question that the plaintiff may pursue with the town, the Legislature, or the courts. See *Newell* v. *Rent Bd. of Peabody, supra* at 449.

2. *The necessity for a local by-law.* The plaintiff next claims that the Home Rule Amendment, art. 89 of the Amendments to the Massachusetts Constitution; the Home Rule Procedures Act, G. L. c. 43B (1990 ed.); and St. 1985, c. 703, itself all require the town to adopt a by-law in order to administer mobile home park rent control.

Regarding the Home Rule Amendment, the plaintiff argues that the Legislature's power, under § 8 (1), to enact special laws for individual towns, after receipt of a petition filed or approved by the voters of a town or a town meeting, is limited by § 6, which, according to the plaintiff, allows a town to exercise a grant of power from the Legislature only after the adoption of an ordinance or a by-law.[4] We find no

---

[4]Section 6 of the Home Rule Amendment states, in relevant part: "Any city or town may, by the adoption, amendment, or repeal of local ordinances or by-laws, exercise any power or function which the general court has power to confer upon it, which is not inconsistent with the constitution or laws enacted by the general court in conformity with powers reserved to

such limitation on the Legislature's power within § 6. As we have stated, " '[Previous decisions of this court] and the text of art. 89 itself indicate that, while the scope of the authority granted to municipalities to act on municipal problems is very broad, the scope of the disability imposed on the Legislature by the amendment is quite narrow.' " *Powers* v. *Secretary of Admin.*, *ante* 119, 126 (1992), quoting *Arlington* v. *Board of Conciliation & Arbitration*, 370 Mass. 769, 773 (1976). Section 6 provides broad power to cities and towns to adopt local ordinances or by-laws which are not inconsistent with the State Constitution or State legislation. *Canner* v. *Groton*, 402 Mass. 804, 807 (1988). Section 7 does limit the broad power of cities and towns under § 6, including the power to control rents. *Marshal House, Inc.* v. *Rent Review & Grievance Bd. of Brookline*, 357 Mass. 709, 713, 719-720 (1970). Section 8, however, only restricts the Legislature from passing a special law unless the affected municipality requests the Legislature to do so or unless the Legislature acts on a recommendation by the Governor with a two-thirds vote of each branch of the Legislature. *Gordon* v. *Sheriff of Suffolk County*, 411 Mass. 238, 243 (1991). Nothing within § 8 itself requires that a municipality must adopt a by-law or

---

the general court by section eight, and which is not denied, either expressly or by clear implication, to the city or town by its charter. . . ."

Section 8 of the Home Rule Amendment states, in pertinent part: "The general court shall have the power to act in relation to cities and towns, but only by general laws which apply alike to all cities . . . or to all cities and towns, or to a class of not fewer than two, and by special laws enacted (1) on petition filed or approved by the voters of a city or town, or the mayor and city council, or other legislative body, of a city, or the town meeting of a town, with respect to a law relating to that city or town; (2) by a two-thirds vote of each branch of the general court following a recommendation by the governor; (3) to erect and constitute metropolitan or regional entities, embracing any two or more cities or towns . . . or established with other than existing city or town boundaries, for any general or special public purpose or purposes, and to grant to these entities such powers, privileges and immunities as the general court shall deem necessary or expedient for the regulation and government thereof; or (4) solely for the incorporation or dissolution of cities or towns as corporate entities, alteration of city or town boundaries, and merger or consolidation of cities and towns, or any of these matters."

an ordinance to give effect to a legislative action in accordance with § 8, and we find no such restriction on the Legislature's powers under § 6. It is improbable that the Home Rule Amendment, which strengthened local municipal control over various matters, would contain "a new and insidious restriction against the Legislature's" authority. *Gorman* v. *New Bedford*, 383 Mass. 57, 59 (1981).

While it is oftentimes true that the power granted to a local community under § 8 (1) requires that community to adopt an ordinance or a by-law, that is the result of the enabling legislation sought by that community and not the result of any limitation on § 8 (1) by § 6. See *Chelmsford Trailer Park, Inc.* v. *Chelmsford*, 393 Mass. 186, 188 (1984) (town sought enabling legislation to permit it to adopt a rent control by-law); *Newell* v. *Rent Bd. of Peabody*, *supra* at 446 (city council sought legislation to permit city to adopt ordinance controlling rents). The town of Middleborough, on the other hand, did not ask the Legislature for authority to adopt a by-law but rather petitioned the Legislature for legislation to control rents. Nothing within § 8 (1) requires a city or a town to adopt an ordinance or a by-law where the enabling statute does not require the adoption of an ordinance or a by-law.

The plaintiff's contention concerning § 13 of G. L. c. 43B, the Home Rule Procedures Act, is similarly flawed. Section 13, like § 6 of the Home Rule Amendment, reserves to cities and towns the right to adopt local ordinances and by-laws which are not inconsistent with the State Constitution or State legislation. *Canner* v. *Groton*, *supra* at 807. Nothing within § 13 concerns special statutes enacted in accordance with § 8 (1) of the Home Rule Amendment.

The plaintiff's final contention is that St. 1985, c. 703, itself requires that the town enact by-laws before attempting to control mobile home park rents. We will construe a statute according to the plain and ordinary meaning of its language. See *Bynes* v. *School Comm. of Boston*, 411 Mass. 264, 267 (1991). We will not read into the plain words of a statute a legislative intent that is not expressed by those words. See

*Attorney Gen.* v. *Hahnemann Hosp.*, 397 Mass. 820, 834 (1986). Nothing within the plain language of c. 703 indicates a legislative intent that the town must adopt by-laws in order to regulate mobile home park rents.

Sections 2, 5, and 6 are the only sections of c. 703 which use the term "by-law." The language of § 2 includes a provision that the town "shall, by its by-laws, require registration by owners of mobile home park accommodations," as well as a provision providing for penalties for "[v]iolations of any by-laws adopted pursuant to this act or any order of [the] rent board . . . ."[5] Section 5 gives the Superior Court Department "jurisdiction to enforce the provisions of [c. 703] and any by-laws adopted thereunder." Section 6 states that the town "may by its by-laws regulate the evictions of tenants." None of these references to by-laws requires the adoption of by-laws to enable the town to regulate mobile home park rents. The only clearly mandatory provision of c. 703 concerning by-laws is the requirement within § 2 that the town must adopt by-laws to register mobile home park owners.

Significantly, § 2 clearly requires the town to regulate mobile home park rents without any reference to by-laws. If the Legislature had intended to require the town to adopt by-

---

[5]Section 2 of St. 1985, c. 703, reads as follows: "The town of Middleborough shall regulate rents for the use or occupancy of mobile home park accommodations in said town, establish a rent board for the purpose of regulating rents, minimum standards for the use or occupancy of mobile home park accommodations and the evictions of tenants therefrom and shall, by its by-laws, require registration by owners of mobile home park accommodations. Such rents, standards and evictions shall be regulated by the rent board so as to remove hardships, or correct inequities for both the owner and the tenants of such mobile home park accommodations. Said rent board shall have all powers necessary or convenient to perform its functions, may make rules and regulations, require registration by owners of mobile home park accommodations, under penalty of perjury, of information relating to the mobile home park accommodations, sue and be sued, compel the attendance of persons and the production of papers and information, issue appropriate orders which shall be binding on both the owners and tenants of such mobile home park accommodations. Violations of any by-laws adopted pursuant to this act or any order of said rent board shall be punishable by a fine of not more than one thousand dollars for any one offense."

laws before regulating mobile home park rents, the Legislature certainly would have included such a provision within St. 1985, c. 703. The plaintiff would have this court read the statute to include such a requirement, but we will not substitute our judgment for that of the Legislature. See *James J. Welch & Co.* v. *Deputy Comm'r of Capital Planning & Operations*, 387 Mass. 662, 669 (1982), and cases cited.

*Judgment affirmed.*