COMMONWEALTH *vs.* KENNETH J. PALMER, JR.

Berkshire. December 6, 2012. - April 5, 2013.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Controlled Substances. Arrest. Constitutional Law,* Search and seizure, Arrest. *Search and Seizure,* Arrest, Search incident to lawful arrest, Warrant. *Statute,* Construction.

A District Court judge erred in granting the defendant's motion to dismiss a complaint charging the defendant with cultivation of marijuana and committing that violation in a school zone, where the amendment to the General Laws in 2008 that decriminalized possession of less than an ounce of marijuana did not repeal the offense of cultivation of marijuana where the amount cultivated is one ounce or less. [775-779] DUFFLY, J., concurring, with whom GANTS and LENK, JJ., joined.

COMPLAINT received and sworn to in the Northern Berkshire Division of the District Court Department on September 28, 2010.

A motion to dismiss was heard by *Paul M. Vrabel,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John Bossé,* Assistant District Attorney, for the Commonwealth.

*David M. Skeels,* Committee for Public Counsel Services, for the defendant.

BOTSFORD, J. In this case we consider again what impact, if any, G. L. c. 94C, § 32L (§ 32L), which decriminalizes possession of one ounce or less of marijuana, has on the provisions of G. L. c. 94C, § 32C (*a*) (§ 32C [*a*]). See *Commonwealth* v. *Keefner,* 461 Mass. 507 (2012) (*Keefner*). The defendant was charged with cultivation of marijuana in violation of § 32C (*a*) and committing that violation in a school zone, G. L. c. 94C, § 32J, after police found several marijuana plants that collectively weighed less than one ounce growing in a closet in his

home. A judge in the District Court granted the defendant's motion to dismiss, concluding that under § 32L, a person who cultivates marijuana plants that weigh one ounce or less may not be charged with cultivation in violation of § 32C (a). The Commonwealth appealed pursuant to G. L. c. 278, § 28E, and Mass. R. Crim. P. 15 (a) (1), as appearing in 422 Mass. 1501 (1996), and we transferred the case to this court on our own motion. The Commonwealth argues that the case is controlled by this court's decision in *Keefner, supra*, and that § 32L decriminalized simple possession, but not cultivation, of one ounce or less of marijuana. We agree with the Commonwealth and reverse the order allowing the defendant's motion to dismiss.

*Background.* The undisputed facts as recounted by the motion judge are the following. On September 28, 2010, officers of the Adams police department consensually entered the defendant's residence and arrested him on active warrants. While searching for the defendant in his home, the officers observed in plain view several marijuana plants growing in a closet.[1] The cumulative weight of the marijuana found was less than one ounce.

A criminal complaint issued from the Northern Berkshire Division of the District Court Department charging the defendant with cultivation of marijuana and a school zone violation.[2] See G. L. c. 94C, §§ 32C (a), 32J. After a nonevidentiary hearing, the judge allowed the defendant's motion to dismiss. The judge concluded that § 32L "impliedly included within the ambit of decriminalization the crimes of cultivating marijuana

---

[1]According to the arresting officer, the closet also contained several lights, a large piece of foil, an electric timer device for the lights, a thermometer on the wall just above the plants, several packages of fertilizer, plastic bottles containing a liquid that the officer assumed was plant food or fertilizer, several glass smoking devices, empty clear plastic baggies, marijuana seeds, and a cardboard box with several prescription bottles inside, some of which had no labels.

[2]The criminal complaint charged the defendant with "knowingly or intentionally possess[ing] with intent to manufacture, distribute, dispense or cultivate a controlled substance in Class D of G. L. c. 94C, § 31, to wit: MARIJUANA, in violation of G. L. c. 94C, § 32C (a)." However, the arresting officer's statement of facts in support of an application for a criminal complaint alleged that the defendant was charged with "Cultivation of Marijuana," the Commonwealth has proceeded on the theory that the defendant violated only the prohibition on "cultivation" in G. L. c. 94C, § 32C (a) (§ 32C [a]), and the judge treated the charge as cultivation pursuant to § 32C (a).

with respect to quantities of one ounce or less." Therefore, because the defendant "was cultivating an amount of marijuana that weighed less than an ounce[,] the defendant was not subject to criminal prosecution and instead should have been charged with a civil offense under G. L. c. 94C, § [32L]."[3]

*Discussion.* The question presented is what effect, if any, § 32L, inserted by St. 2008, c. 387, "An Act establishing a sensible State marihuana policy" (Act), has on the offense of cultivation under § 32C (*a*), where the amount of marijuana cultivated weighs one ounce or less. We begin with the text of the relevant statutes. Section 32C (*a*), provides, in pertinent part: "Any person who knowingly or intentionally manufactures, distributes, dispenses or cultivates, or possesses with intent to manufacture, distribute, dispense or cultivate [marijuana] shall be imprisoned . . . ." On November 4, 2008, the voters approved the Act, which changed the status of the offense of possession of one ounce or less of marijuana from criminal to civil. See *Commonwealth* v. *Cruz,* 459 Mass. 459, 464 (2011). Section 2 of the Act, codified at § 32L, provides in relevant part:

"Notwithstanding any general or special law to the contrary, possession of one ounce or less of marihuana shall only be a civil offense, subjecting an offender who is eighteen years of age or older to a civil penalty . . . but not to any other form of criminal or civil punishment or disqualification. . . .

"Nothing contained herein shall be construed to repeal or modify existing laws . . . concerning the operation of motor vehicles or other actions taken while under the influence of marihuana or tetrahydrocannabinol, laws concern-

---

[3]The District Court judge was the same judge who allowed the motion to dismiss in *Commonwealth* v. *Keefner,* 461 Mass. 507, 509 (2012) (*Keefner*), and he incorporated by reference its legal reasoning in his memorandum of decision and order in this case. In that case, the judge had dismissed a charge of possession with intent to distribute under § 32C (*a*) on the ground that Keefner possessed less than one ounce of marijuana and under G. L. c. 94C, § 32L (§ 32L), inserted by St. 2008, c. 387 (Act), possession of less than one ounce of marijuana with intent to distribute was no longer a criminal offense. In *Keefner, supra* at 518, this court reversed the allowance of Keefner's motion to dismiss more than one year after the judge allowed the motion to dismiss in the present case.

ing the unlawful possession of prescription forms of marihuana or tetrahydrocannabinol . . . , possession of more than one ounce of marihuana or tetrahydrocannabinol, or selling, manufacturing or trafficking in marihuana or tetrahydrocannabinol. Nothing contained herein shall prohibit a political subdivision of the Commonwealth from enacting ordinances or bylaws regulating or prohibiting the consumption of marihuana or tetrahydrocannabinol in public places and providing for additional penalties for the public use of marihuana or tetrahydrocannabinol."

Additionally, § 5 of the Act specifically amended G. L. c. 94C, § 34 (§ 34), a statute that renders criminal the knowing or intentional possession of any controlled substance. Pursuant to this amendment, the possession of marijuana under § 34 remains criminal "[e]xcept as provided in [§] 32L."

In the *Keefner* case, we addressed the effect of § 32L on the offense of possession with intent to distribute, which, like cultivation, is a crime defined by § 32C (*a*). We concluded that § 32L did not repeal the criminal status of, or penalties applicable to, the crime of possession with intent to distribute where the amount of marijuana so possessed is one ounce or less. *Keefner*, 461 Mass. at 514. The defendant argues that *Keefner* does not control because cultivation does not implicate distribution and, by definition, the cultivation of one ounce or less of marijuana means possession of that quantity. Accordingly, the argument goes, because § 32L decriminalizes possession of one ounce or less of marijuana, it also decriminalizes its cultivation in that amount.[4] The defendant's argument presents a legal issue similar to the ques-

---

[4]The defendant also argues that § 32L "specifically except[s]" marijuana from the definition of a class D substance under G. L. c. 94C, § 31 (§ 31), where such definition would result in prosecution for possession of one ounce or less of marijuana. We disagree. Section 31 lists the substances that come within each of the five classes of controlled substances "[f]or the purposes of establishing criminal penalties for violation of a provision of [chapter 94C]." Under § 31, a "class D" substance includes, "[u]nless specifically excepted . . . , any material . . . which contains any quantity of . . . Marihuana." Thus, § 31 defines what qualifies as class D in terms of the nature of the substance; it does not permit a substance's status as class D to change depending on its quantity. Section 32L therefore cannot be read to "specifically except" from class D marijuana possessed in a quantity equal to or less than one ounce; it solely decriminalizes possession of that amount of the class D substance.

tion presented in *Keefner, supra* at 508, and our reasoning in that case governs here.

It is well established that "[a] statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or of clear implication." *Commonwealth* v. *Harris*, 443 Mass. 714, 725 (2005), quoting *Commonwealth* v. *Hayes*, 372 Mass. 505, 512 (1977). See *Keefner*, 461 Mass. at 513-514. Here, as in the *Keefner* case, the offense for which the defendant is charged, cultivation of marijuana, § 32C (*a*), and the offense of simple possession of marijuana, § 34, are "listed separately in the General Laws, have different elements, and are distinct." *Keefner, supra* at 511.

By its terms, the Act decriminalized only "possession of one ounce or less of marihuana" and correspondingly amended only § 34, the statute defining the crime of simple possession, to exempt possession of one ounce or less of marijuana from criminal status and penalties. See *Keefner*, 461 Mass. at 512. The Act did not decriminalize any other type of conduct proscribed by G. L. c. 94C, and it did not amend any other provision in c. 94C other than § 34. We adhere to our view, see *Keefner, supra* at 511-512, that the Act's specific amendment of § 34 and of no other criminal penalty provision in c. 94C — including, notably, § 32C (*a*) — is persuasive evidence that the Act was not intended to decriminalize any offense defined in c. 94C other than simple possession of one ounce or less of marijuana.

Moreover, the defendant offers no persuasive argument for why we should find an implied repeal of the provision in § 32C (*a*) proscribing cultivation when we declined to do so in relation to the provision in the very same section that proscribes possession with intent to distribute. *Keefner*, 461 Mass. at 513-514. Adhering to the principle that "a statute must be interpreted 'as a whole,' " we conclude that § 32L did not repeal the offense of cultivation of marijuana under § 32C (*a*) where the amount of marijuana cultivated is one ounce or less.[5] See *Keefner*,

---

[5]Finally, the practical difficulties associated in enforcing § 32L's weight-based minimum in the context of cultivation further support our conclusion that the Act did not decriminalize the cultivation of one ounce or less of marijuana. Marijuana subject to possession penalties typically is confiscated

*supra* at 511, quoting *Wolfe* v. *Gormally*, 440 Mass. 699, 704 (2004).

We address briefly the interpretation of §§ 32C (*a*) and 32L proposed by Justice Duffly's concurring opinion, which is different from that offered by the defendant but is also flawed. The concurrence posits that (1) the term "cultivat[ion]," as used in § 32C (*a*), does not include (and apparently has never included) cultivation of marijuana for "personal use," see *post* at 780; (2) cultivation only comes within § 32C (*a*)'s prohibition if it is undertaken with the intent to distribute (i.e., sell), see *id.* at 780-781; and (3) with the passage of § 32L, cultivation of one ounce or less of marijuana for personal use "is not a crime." See *id.* at 782. This interpretation ignores the plain language of § 32C (*a*) and flies in the face of our guiding principles of statutory construction.

Section 32C (*a*) uses the word "cultivate" by itself. The section contains no language creating an exception for cultivation for "personal use" or indeed any exception at all. In interpreting a statute, "[w]e will not add words to a statute that the Legislature did not put there, either by inadvertent omission or by design." *Commonwealth* v. *Callahan*, 440 Mass. 436, 443 (2003), quoting *Commonwealth* v. *McLeod*, 437 Mass. 286, 294 (2002). Moreover, as the concurrence acknowledges, *post* at 780, the word "cultivate" has a plain, ordinary meaning: "To grow or tend (a plant or crop)." American Heritage Dictionary of the English Language 454 (3d ed. 1992). Our rules of statutory construction counsel that when the meaning of a word used in a statute is clear, we should interpret it in accordance with that meaning, without more.[6] See G. L. c. 4, § 6 ("Words and

---

and weighed in its dried, leaf form. However, cultivation involves marijuana in the form of live plants, including stems and roots. The Act's minimum weight allowance did not provide any indication as to how live plants should be weighed to determine whether their weight exceeds the one-ounce statutory minimum.

[6]The other three words used in § 32C (*a*), "manufacture," "distribute," and "dispense," are all specifically defined in G. L. c. 94C, § 1. The statute does not define "cultivate." It is particularly appropriate, therefore, to interpret the word according to its common usage. See *Schulman* v. *Attorney Gen.*, 447 Mass. 189, 191 (2006), quoting *Mazzone* v. *Attorney Gen.*, 432 Mass. 515, 526 (2000) (Legislature presumed to employ statutory terms in manner consistent with their "common and approved usage").

phrases shall be construed according to the common and approved usage of the language"); *Commonwealth* v. *Poissant*, 443 Mass. 558, 563 (2005), quoting *Civitarese* v. *Middleborough*, 412 Mass. 695, 700 (1992) ("We will not read into the plain words of a statute a legislative intent that is not expressed by those words"). Compare *Commonwealth* v. *Rahim*, 441 Mass. 273, 277-278 (2004) (adhering to plain language where meaning of statute was clear), with, e.g., *Commonwealth* v. *Scott*, *ante* 355, 358 (2013) (where meaning of statutory term is ambiguous, appropriate to look at language of statute as whole), and *Commonwealth* v. *Hamilton*, 459 Mass. 422, 431-433 (2011), citing *81 Spooner Rd. LLC* v. *Brookline*, 452 Mass. 109, 115 (2008) (where statutory language is ambiguous, appropriate to look to legislative history). As the quoted definition indicates, the word "cultivate" refers to the process of growing a plant or crop, not the purpose for which the plant or crop is grown.[7] Accordingly, we hold that the cultivation of one ounce or less of marijuana, regardless of its intended use, is a criminal offense under § 32C (*a*).

*Conclusion.* The allowance of the defendant's motion to dismiss is reversed, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

DUFFLY, J. (concurring, with whom Gants and Lenk, JJ., join).

---

[7] There are a number of additional reasons the concurrence's interpretation of the term "cultivat[ion]" in § 32C (*a*) is problematic. For example, in concluding that cultivation of one ounce or less of marijuana for personal use is decriminalized or not a crime under § 32L, see *post* at 780, 782, the concurrence is, or logically must be, defining cultivation in that context as "possession," because § 32L by its terms provides only that "*possession* of one ounce or less of marihuana shall only be a civil offense" (emphasis supplied). If "cultivat[ion]" and "possession" mean the same thing, however, then § 32C (*a*)'s proscription against "cultivat[ion]," which the concurrence reads to prohibit only cultivation with intent to distribute, essentially would become superfluous. This follows because § 32C (*a*) expressly and separately prohibits possession with intent to distribute a controlled substance, including marijuana. It is a cardinal principle of statutory interpretation that "[n]one of the words of a statute is to be regarded as superfluous." *Commonwealth* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Auth.*, 352 Mass. 617, 618 (1967).

I agree with the court that the enactment of G. L. c. 94C, § 32L (§ 32L), did not repeal by implication the separate offense of cultivation set forth in G. L. c. 94C, § 32C (*a*) (§ 32C [*a*]), where the amount of marijuana grown weighs one ounce or less, but I write separately because I believe that § 32L did decriminalize the growing of one ounce or less of marijuana for personal use. Here, the criminal complaint alleges that the defendant grew marijuana with the intent to distribute it, and the facts alleged support probable cause to believe the defendant committed that offense.[1] Because the allegations in the complaint suffice to withstand the defendant's motion to dismiss, see *Commonwealth* v. *Green*, 399 Mass. 565, 566 (1987) (complaint will not be dismissed if offense is charged with sufficient clarity to show violation of law and to permit defendant to know nature of accusation against him), I concur in the court's decision to reverse the order allowing the defendant's motion to dismiss.

When read in the context of G. L. c. 94C in its entirety, it is evident that the offense of cultivation excludes the growing of marijuana when it is done only for personal use. Section 32C (*a*) makes it a crime to manufacture, distribute, dispense, or cultivate marijuana, or to possess marijuana with the intent to manufacture, distribute, dispense, or cultivate it.[2] General Laws c. 94C does not define "cultivate," but the ordinary meaning of the word is "[t]o grow or tend (a plant or crop)." American Heritage Dictionary of the English Language 454 (3d ed. 1992). As used in § 32C (*a*), however, the word "cultivate" must be interpreted more narrowly, in light of the first three words in the phrase: manufacture, distribute, and dispense. See *Commonwealth* v.

---

[1] The statement of facts in support of the application for a criminal complaint alleges that officers of the Adams police department discovered in the defendant's home several marijuana plants, along with several glass smoking devices, empty clear plastic bags, and a cardboard box containing several prescription bottles, some of which had no labels.

[2] General Laws c. 94C, § 32C (*a*), provides:

"Any person who knowingly or intentionally manufactures, distributes, dispenses or cultivates, or possesses with intent to manufacture, distribute, dispense or cultivate a controlled substance in Class D of section thirty-one shall be imprisoned in a jail or house of correction for not more than two years or by a fine of not less than five hundred nor more than five thousand dollars, or both such fine and imprisonment."

*Scott, ante* 355, 359 (2013), quoting *Commonwealth* v. *Brooks*, 366 Mass. 423, 428 (1974) ("words in a statute must be considered in light of the other words surrounding them").

Each of the first three terms connotes significant steps in the course of drug trafficking, and possession solely for personal use of the drugs is not included in their definitions. By statute, the term "manufacture" explicitly "does not include the preparation or compounding of a controlled substance by an individual for his own use." G. L. c. 94C, § 1. Distribution is "the facilitation of a drug transfer from seller to buyer" in furtherance of the drug trafficking business. *Commonwealth* v. *Jackson, ante* 758, 764 (2013). See G. L. c. 94C, § 1. And the term "dispense" means the delivery of a controlled substance to an end user by a "practitioner" who is "registered." *Id.* Just as possession for personal use is excluded from the definitions of manufacturing, distributing, and dispensing drugs, the term "cultivate" should also be read to exclude the growing of marijuana only for personal use.

The legislative history of § 32C (*a*) supports this interpretation. The Legislature enacted § 32C (*a*) to target those "in the drug business." 1980 House Doc. No. 6652, at 1. See *Commonwealth* v. *Jackson, supra*. As the Governor explained when proposing the 1980 legislation that added this statute to the General Laws, "The time has come to launch a new, more aggressive campaign against *those who operate and profit* from the death-dealing traffic in drugs. . . . We need major changes in the way our criminal system deals with *these dealers in drugs*." (Emphasis added.) *Id.* Growing marijuana for personal use does not implicate such concerns. Indeed, growing marijuana for personal use arguably undermines the drug trafficking business, along with its attendant violence, see *Commonwealth* v. *Cannon*, 449 Mass. 462, 470 (2007), quoting *Commonwealth* v. *Moses*, 408 Mass. 136, 143 (1990) ("drug trafficking is fraught with violence"), by allowing marijuana users to obtain marijuana without supporting the drug trafficking market.

Moreover, the offense of cultivation must be considered in light of § 32L, which makes the simple possession of one ounce or less of marijuana a civil infraction. See *Commonwealth* v. *Keefner*, 461 Mass. 507, 511 (2012), quoting *Wolfe* v. *Gormally*,

440 Mass. 699, 704 (2004) ("a statute must be interpreted 'as a whole'; it is improper to confine interpretation to the single section to be construed"). Section 32L, third par., identifies only four categories of existing laws that shall not be "construed to [be] repeal[ed] or modif[ied]." Among the laws explicitly unaffected by the enactment of § 32L are laws concerning the "selling, manufacturing or trafficking" in marijuana. G. L. c. 94C, § 32L, third par. Significantly, "cultivation" is not included among the categories not subject to repeal or modification by the enactment of § 32L. See *Commonwealth* v. *Russ R.*, 433 Mass. 515, 521 (2001), quoting *Police Comm'r of Boston* v. *Cecil*, 431 Mass. 410, 413 (2000) ("a statutory expression of one thing is an implied exclusion of other things omitted from the statute"). Although we held in *Commonwealth* v. *Keefner*, *supra* at 514, that this list "cannot be construed as exhaustive," we recognized also that the passage of § 32L may have limited the reach of § 32C (*a*). We noted in that case that "the extent of all acts that are proscribed by the term 'distribute' under § 32C (*a*)" remained to be decided, despite the absence of any explicit amendment to § 32C (*a*). See *id.* at 512, 515. Indeed, we have decided today that the social sharing of a decriminalized amount of marijuana does not constitute the offense of distribution. See *Commonwealth* v. *Jackson*, *supra* at 764-765.

In light of the enactment of § 32L, I believe it is clear that the growing of one ounce or less of marijuana for personal use is not a crime. Section § 32L was enacted as a result of the voters' adoption in 2008 of "An Act establishing a sensible State marihuana policy." St. 2008, c. 387. The goal of this initiative was to decriminalize possession of marijuana while keeping in place "other marijuana-related crimes, like sales." Information for Voters: 2008 Ballot Questions, Question 2: Law Proposed by Initiative Petition, Possession of Marijuana.[3] By defining the offense of cultivation to cover the growing of marijuana for personal use, the court's decision today leaves no noncriminal means by which to obtain a decriminalized amount of marijuana. I fail to see how such a policy is "sensible." See *Commonwealth*

---

[3] "We assume that before casting their votes, voters read the arguments 'for' and 'against,' as well as the new law itself." *Commonwealth* v. *Cruz*, 459 Mass. 459, 471 (2011).

v. *Keefner, supra* at 514 ("the intent expressed by the Legislature [is] that, generally speaking, controlled substances are not to be obtained 'on the street' "). Cf. *Herman* v. *Admit One Ticket Agency LLC*, 454 Mass. 611, 618 (2009) (title of act can be useful tool of statutory interpretation).

Treating marijuana cultivation for personal use in the same manner as simple possession is treated under § 32L, a civil infraction, is also consistent with the recent enactment of G. L. c. 94C Appendix §§ 1-1 et seq., inserted by St. 2012, c. 369. That statute, which legalizes the medical use of marijuana by qualifying patients, also recognizes the interconnection between possession, use, and cultivation of marijuana for personal use. Pursuant to G. L. c. 94C Appendix § 1-11, a "qualifying patient" may in certain circumstances obtain a "cultivation registration," which "shall allow the patient or the patient's personal caregiver to cultivate a limited number of plants, sufficient to maintain a 60-day supply of marijuana, and shall require cultivation and storage only in an enclosed, locked facility."

Where the language of two statutory provisions must be considered, we interpret their meaning "in a manner that, to the greatest extent possible, serves the policies underlying both." *Commonwealth* v. *Harris*, 443 Mass. 714, 726 (2005). Interpreting the term "cultivate" in § 32C (*a*) to exclude growing marijuana for personal use respects both the policies underlying § 32L (decriminalizing possession of marijuana while continuing to criminalize the sale of marijuana) and § 32C (*a*) (targeting drug trafficking). By adopting a broader interpretation of the offense of cultivation than is necessary to resolve this case, the court's decision fails to advance these legislative goals.