NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13393

IN THE MATTER OF THE ESTATE OF PATRICIA ANN SLAVIN.


Bristol.     May 1, 2023. - July 31, 2023.

Present:  Budd, C.J., Gaziano, Lowy, Cypher, Kafker, Wendlandt,
& Georges, JJ.


Executor and Administrator, Voluntary administrator,
     Appointment.  Uniform Probate Code.  Statute, Construction.



     Petition filed in the Bristol Division of the Probate and
Family Court Department on August 5, 2016.

     A petition for formal appointment, filed on September 25,
2020, was heard by Katherine A. Field, J.

     The Supreme Judicial Court granted an application for
direct appellate review.


     Mark F. Itzkowitz (Kenneth I. Kolpan also present) for the
petitioner.


     LOWY, J.  General Laws c. 190B, § 3-108, requires probate,

testacy, and appointment proceedings to be filed within three

years of a decedent's death.  See G. L. c. 190B, § 3-108.

Section 3-108, however, provides several exceptions to this

rigid three-year time limit, including for "appointment proceedings relating to an estate in which there has been a prior appointment." The issue in this case is whether the position of voluntary personal representative, charged with administering a small estate pursuant to G. L. c. 190B, § 3-1201, constitutes a "prior appointment" within the meaning of § 3-108's exception to the three-year limit. We conclude that it does. We therefore reverse the judgment dismissing the petition for formal appointment and remand for further proceedings.

Background. Patricia Slavin (decedent) was murdered on May 10, 2016, in circumstances allegedly giving rise to claims for wrongful death under G. L. c. 229, § 2. On August 5, 2016, the decedent's daughter, Kathleen Slavin (petitioner), filed a voluntary administration statement, along with other documents required under G. L. c. 190B, § 3-1201, in the Probate and Family Court. Upon being duly filed, the register of probate certified the statement of voluntary administration pursuant to G. L. c. 190B, § 3-1201. At this point, the petitioner became the voluntary personal representative of the decedent's estate.

Subsequently, the petitioner suspected that her authority as voluntary personal representative under G. L. c. 190B, § 3-1201, might have been insufficient to pursue wrongful death

claims on behalf of the decedent's estate.[1]  Accordingly, on September 25, 2020, the petitioner filed in the Probate and Family Court a petition for formal probate, seeking appointment as personal representative, pursuant to G. L. c. 190B, § 3-402.[2] The petition form for the appointment as personal representative under G. L. c. 190B, § 3-402, contains certain statements to which a petitioner must aver.  One such statement is that the petition "is filed within the time permitted by law," under G. L. c. 190B, § 3-108, because either "[t]hree years or less [had] passed since the [d]ecedent's death," or "the . . . circumstances authorize tardy proceedings."  In her petition, the petitioner clarified under this statement that the three-year time limit for probate proceedings in G. L. c. 190B, § 3-108, was inapplicable because "this is  . . . an estate in which there has been a prior appointment."  All five of the decedent's other children assented in writing to their sister's petition for appointment as personal representative under G. L. c. 190B, § 3-402, and waived notice.

---

[1] In Marco v. Green, 415 Mass. 732, 739 (1993), this court held that a voluntary administratrix under G. L. c. 195, § 16, repealed by St. 2008, c. 521, § 14 (the predecessor statute to G. L. c. 190B, § 3-1201, see infra) lacked authority to bring or settle a wrongful death claim.

[2] In her petition, the petitioner also sought appointment as special personal representative, pursuant to G. L. c. 190B, § 3-614.  She later filed a motion requesting the same.

Thereafter, a Probate and Family Court judge conducted a hearing.  At the hearing, the judge expressed doubt that the position of voluntary personal representative under G. L. c. 190B, § 3-1201, constitutes a "prior appointment" under G. L. c. 190B, § 3-108, such that a subsequent formal petition for appointment under G. L. c. 190B, § 3-402, could be filed more than three years after the decedent's death.  The judge requested briefing on the issue.  After the petitioner filed an unopposed brief in support of her petition of appointment as personal representative, the judge dismissed the petition as untimely.[3]  The petitioner appealed.[4]  We allowed her application for direct appellate review.

Discussion.  In 2008, the Legislature enacted the Massachusetts Uniform Probate Code, G. L. c. 190B (MUPC).  St. 2008, c. 521.  See G. L. c. 190B, § 1-101.  Article III of c. 190B governs probate proceedings.  In § 3-108 of art. III, the Legislature imposed what it termed an "ultimate time limit" for probate proceedings, which provides that "[n]o informal

---

[3] On the petitioner's motion for appointment of special representative, the judge wrote in a margin endorsement:  "This petition cannot be filed beyond [three] years and shall be dismissed."

[4] The petitioner subsequently filed a so-called late and limited petition for appointment as personal representative, which was allowed.  Under such an appointment, however, the petitioner still lacks the full authority granted by formal appointment.  See G. L. c. 190B, § 3-108 (4).

probate or appointment proceeding or formal testacy or appointment proceeding . . . may be commenced more than [three] years after the decedent's death."  G. L. c. 190B, § 3-108.  Several exceptions to this ultimate time limit are set out in § 3-108, including, as relevant here, for the commencement of "appointment proceedings relating to an estate in which there has been a prior appointment."  Id.

When the Legislature enacted the MUPC, it adopted the "ultimate time limit," and its exceptions, directly from the Uniform Probate Code (UPC).  Indeed, much of the MUPC is adopted wholesale from the UPC.[5]  Importantly, though, the Legislature rejected a provision of the UPC governing the administration of small estates.[6]  The Legislature instead chose to retain and

---

[5] In addition to the official comments to each section prepared by the National Conference of Commissioners on Uniform State Laws, there are Massachusetts comments, prepared by the reporter of the Massachusetts Bar Association and Boston Bar Association Joint Committee on the UPC (Massachusetts comments), which discuss Massachusetts-specific provisions or edits to the UPC.  See Massachusetts Bar Association and Boston Bar Association Joint Committee on the Uniform Probate Code, MUPC (July 2012) https://www.mass.gov/doc/mupc-table-of-contents/download [https://perma.cc/4F79-R2B3] (table of contents); https://www.mass.gov/doc/article-iii-probate-of-wills-and-administrations/download [https://perma.cc/L5PD-XF96] (art. III).

[6] See Massachusetts comment to G. L. c. 190B, § 3-1201 ("Rather than utilizing the UPC method of collection of assets by affidavit without [c]ourt involvement, this section adopts G. L. c. 195, §§ 16 and 16A, which provide for informal voluntary administration of estates . . .").

integrate into the MUPC a preexisting Massachusetts provision that allows for the administration of small estates by a voluntary personal representative who files and verifies by oath or affirmation a statement of voluntary administration, which is attested by the register.[7]  See G. L. c. 190B, § 3-1201.

At issue here is whether the petitioner's status as voluntary personal representative under § 3-1201 constituted a "prior appointment" within the meaning of § 3-108's exception to the ultimate time limit for "appointment proceedings relating to an estate in which there has been a prior appointment," such that her subsequent formal petition for appointment as personal representative could be filed outside the three-year time limit. Based upon the plain language of § 3-108 and § 3-1201, the structure of art. III and the MUPC as whole, and the purposes underlying each, we conclude that it did.

We begin, as we must, with the plain language of the statute.  See Plymouth Retirement Bd. v. Contributory Retirement Appeal Bd., 483 Mass. 600, 604 (2019).  While the MUPC contains a "definitions" section, defining many of its terms, it does not define the term "appointment."  See G. L. c. 190B, § 1-201.

_____

[7] Section 3-1201 governs estates "consisting entirely of personal property the total value of which may include a motor vehicle of which the decedent was the owner, and other personal property not exceeding $25,000 in value."  This section raised the prior limit of $15,000 to $25,000.  See Massachusetts comment to G. L. c. 190B, § 3-1201.

"When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose. . . . We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." Williams v. Board of Appeals of Norwell, 490 Mass. 684, 693-694 (2022), quoting Commonwealth v. Morasse, 446 Mass. 113, 116 (2006). Where a statute contains specific definitions, but does not define the word at issue, "[i]t is particularly appropriate . . . to interpret the word according to its common usage." Commonwealth v. Palmer, 464 Mass. 773, 778 n.6 (2013). The term "appointment" is commonly understood to mean "[t]he choice or designation of a person . . . for a job or a duty." Black's Law Dictionary 124 (11th ed. 2019).

Defined as such, the language of § 3-1201 reflects that the position of voluntary personal representative constitutes an appointment. Section 3-1201 designates a person who follows the procedures therein as the voluntary personal representative, with the duty of administering the decedent's small estate. To obtain such a designation, an interested person must file a statement of voluntary administration, "verified by oath, or affirmation," containing, inter alia, the person's relationship to the decedent, a schedule of the estate's assets and their

estimated value, and "a statement that the petitioner has undertaken to act as voluntary personal representative of the estate of the deceased and will administer the same according to law." G. L. c. 190B, § 3-1201. Upon proper payment of a fee, the register issues an attested copy of the statement and may also "issue a certificate of appointment to such voluntary personal representative." Id.

Thereafter, the voluntary personal representative has authority to receive payments of any debts or delivery of chattel or assets scheduled in the statement, sell any chattel so received, pay necessary funeral expenses and necessary expenses of administration, and "pay the debts of the deceased . . . and any other debts of the estate, and then distribute the balance, if any," in accordance with the principles governing intestate succession. Id. In other words, the voluntary personal representative has virtually full authority to administer the decedent's small estate. And any "person paying, delivering, transferring, or issuing personal property or the evidence thereof pursuant to [§] 3-1201 is discharged and released to the same extent as if he dealt with a personal representative of the decedent." G. L. c. 190B, § 3-1202. Furthermore, the voluntary personal representative is liable for administering the estate in the same manner as a personal

representative appointed by the court or a magistrate.  G. L.
c. 190B, § 3-1201.

It is significant to our conclusion that § 3-108's
exception to the three-year time limit for "appointment
proceedings relating to an estate in which there has been a
prior appointment" does not limit the type of prior appointment
that qualifies.  Specifically, the exception does not say that
the prior appointment must be as a personal representative.  See
Tze-Kit Mui v. Massachusetts Port Auth., 478 Mass. 710, 712
(2018) ("ordinarily we will not add language to a statute where
the Legislature itself has not done so").  Voluntary personal
representatives under § 3-1201 and personal representatives
under §§ 3-301 and 3-402,[8] while alike in name and in some
functions, are different positions under the MUPC,[9] and each

---

[8] The appointment of a personal representative in formal
probate proceedings is governed by G. L. c. 190B, § 3-402, while
the appointment of a personal representative in informal probate
proceedings is governed by G. L. c. 190B, § 3-301.

[9] Unlike estates administered by voluntary personal
representatives under § 3-1201, there is no monetary cap for
estates administered by personal representatives under § 3-301
or § 3-402.  Some examples of tasks that a personal
representative may undertake when administering an estate that a
voluntary personal representative may not include the ability to
transfer or improve real property, vote or sell stocks, and
continue an unincorporated business or incorporate a business of
the decedent.  Compare G. L. c. 190B, § 3-715, with G. L.
c. 190B, § 3-1201.  Additionally, as stated in note 1, supra, we
interpreted the predecessor statute to § 3-1201 as barring a
voluntary personal representative from bringing or settling a

achieves its position by different means.  While a personal representative must be appointed by a court or a magistrate, see G. L. c. 190B, § 3-103, a voluntary personal representative need not be under § 3-1201.[10]  Nevertheless, § 3-1201 allows a voluntary personal representative to receive a certificate of appointment by following the procedures therein.  We do not consider this language in the statute mere surplusage.  See Ropes & Gray LLP v. Jalbert, 454 Mass. 407, 412 (2009) ("A statute should be construed so as to give effect to each word, and no word shall be regarded as surplusage").

---

wrongful death claim on behalf of the estate.  See Marco, 415 Mass. at 739.

[10] Section 3-103 of G. L. c. 190B, titled "Necessity of Appointment for Administration," provides that "to acquire the powers and undertake the duties and liabilities of a personal representative of a decedent, a person shall be appointed by order of the court or a magistrate, qualify and be issued letters.  Administration of an estate is commenced by the issuance of letters."  G. L. c. 190B, § 3-103.  To read § 3-103 consistently with § 3-1201, which permits a voluntary personal representative to administer a small estate, § 3-103 must be interpreted as governing the appointment of a personal representative for the administration of estates in formal and informal proceedings, while § 3-1201 governs the appointment of voluntary personal representatives for the administration of small estates.  See Lockwood v. Adamson, 409 Mass. 325, 334 (1991) ("we construe statutory language [where possible] to be consistent with adjacent sections of the same statute").  This interpretation is bolstered by the fact that the letters issued to a personal representative to commence administration of an estate under § 3-103 serve the same purpose as a certificate of appointment issued to a voluntary personal representative under § 3-1201.  See Massachusetts comment to G. L. c. 190B, § 3-103.

In denying the petitioner's petition for appointment as personal representative, the judge relied on a procedural guide published by the administrative office of the Probate and Family Court, which provides that "the authority of a [voluntary personal representative] is limited by law and does not result in an official appointment by the court."  See E.M. Moriarty, R.A. Nesi, L.A. Roberts, T.P. Jalkut, C.G. Mehne, & E.J. Patsos, MUPC Estate Administration Procedural Guide § 2.2 (2d ed. 2016).  A "Practice Alert" in the guide states:  "Despite the fact that the MUPC currently says otherwise, there can be no [c]ertificate of [a]ppointment issued to [a voluntary personal representative] because no official appointment is made."  Id. at § 2.4.  As the practice alert in the guide recognizes, this interpretation conflicts with the plain language of § 3-1201.  As explained, the MUPC does not limit the term "appointment" to what the guide refers to as "official appointments" performed by a court or magistrate.

Where the term "appointment," under its common usage, encompasses voluntary personal representatives, the language of § 3-108 does not limit the term "appointment" to those appointments performed by a court or magistrate, and the plain language of § 3-1201 refers to the position of voluntary personal representative as an appointment, our principles of statutory interpretation lead us to conclude that the

Legislature intended a person serving as voluntary personal representative of an estate under § 3-1201 to fall within scope of a "prior appointment" such that subsequent appointment proceedings relating to that estate may be filed outside the three-year time limit.

This interpretation, moreover, is consistent with the purpose of the ultimate time limit.  Section 3-108 is intended to "establish[] a basic limitation period of three years within which it may be determined whether a decedent left a will and to commence administration of the estate."  See Massachusetts Bar Association and Boston Bar Association Joint Committee on the Uniform Probate Code, MUPC § 3-108 comment (July 2012), quoting Uniform Probate Code § 3-108 comment (1969), https://www.mass.gov/doc/article-iii-probate-of-wills-and-administrations/download [https://perma.cc/L5PD-XF96].  Where a voluntary administration statement has been filed and certified, and a person is serving as voluntary personal representative of the estate, the determination whether a will exists has been made, and administration of the estate has commenced.  Thus, allowing appointment proceedings to commence more than three years after the decedent's death in such circumstances would not extend the time for the two inquiries that the section intends to limit to three years.

Furthermore, this interpretation is consistent with a key attribute of art. III of the MUPC:  flexibility.  Indeed, article III was designed for flexibility "to provide persons interested in decedents' estates with as little or as much by way of procedural and adjudicative safeguards as may be suitable under varying circumstances."  Uniform Probate Code, art. III, general comment (2006).  Article III's goal of flexibility is furthered where the procedural safeguard of the ultimate time limit -- the purpose of which has already been served -- yields to allow a person serving as voluntary personal representative under § 3-1201 to increase his or her authority to that of a personal representative under G. L. c. 190B, § 3-402, beyond three years.

More generally, the MUPC directs that its provisions "shall be liberally construed and applied to promote its underlying purposes and policies," including "to promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to the decedent's successors."  G. L. c. 190B, § 1-102 (a), (b) (3).  By integrating § 3-1201 into the MUPC, the Legislature demonstrated a priority that small estates be administered expeditiously, without the more arduous requirements of appointment in formal and informal probate proceedings.  To treat a person designated as a voluntary personal representative under § 3-1201 differently from how a

person designated as a personal representative under § 3-301 or § 3-402 is treated for the purpose of determining whether a subsequent appointment proceeding may be filed outside the three-year time limit, where the underlying purpose of the time limit would not be undermined, would disincentivize the use of voluntary administration for small estates.  Such an interpretation would be contrary to the Legislature's intent in enacting this provision and would thwart the goal of flexible and efficient administration, particularly for small estates.

Conclusion.  Because we conclude that the position of voluntary personal representative under G. L. c. 190B, § 3-1201, is an appointment, falling within the exception to the three-year time limit in § 3-108 for "appointment proceedings relating to an estate in which there has been a prior appointment," the petitioner's petition for formal appointment was timely.  We therefore reverse the judgment dismissing her petition and remand for further proceedings consistent with this opinion.

So ordered.