## COMMONWEALTH vs. SHAWN M. KEEFNER.

Berkshire. November 7, 2011. - February 13, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Controlled Substances. Statute,* Construction, Repeal. *Practice, Criminal,* Motion to suppress, Findings by judge. *Search and Seizure,* Threshold police inquiry, Probable cause, Exigent circumstances. *Constitutional Law,* Search and seizure, Probable cause. *Probable Cause. Words,* "Distribution," "Sale."

This court concluded that the passage of G. L. c. 94C, § 32L, inserted by St. 2008, c. 387, § 2, which decriminalized possession of one ounce or less of marijuana, did not repeal the offense of possession with intent to distribute marijuana, in violation of G. L. c. 94C, § 32C (*a*), where the amount of marijuana possessed is one ounce or less; further, while the sale of any amount of marijuana remains a criminal offense under G. L. c. 94C, § 32L, third par., a prosecution under G. L. c. 94C, § 32C (*a*), is not limited solely to situations where the "distribution" involves a sale. [509-515]

A District Court judge properly allowed a criminal defendant's motion to suppress evidence found by a police officer during an unconsented-to, warrantless search of the defendant's person, where, prior to the search, the officer had been informed by another about recent marijuana use by the defendant (a civil offense) but did not observe any illegal or suspicious activity on the part of the defendant indicative of an intent to distribute marijuana, and there was no information relayed to the officer to support probable cause that the defendant intended to distribute any marijuana. [515-518]

COMPLAINT received and sworn to in the Southern Berkshire Division of the District Court Department on May 25, 2010.

Pretrial motions to suppress evidence were heard by *Paul M. Vrabel*, J., and a motion to dismiss was heard by him.

An application for leave to file an interlocutory appeal was allowed by *Cordy*, J., in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*John P. Bossé*, Assistant District Attorney, for the Commonwealth.

*David M. Skeels,* Committee for Public Counsel Services (*Lisa A. Ruggieri* with him) for the defendant.

IRELAND, C.J. A single justice of this court granted the Commonwealth leave to file an interlocutory appeal from a District Court judge's order in the Appeals Court, see Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996). We transferred this case here on our motion to consider whether, in view of the enactment of G. L. c. 94C, § 32L, inserted by St. 2008, c. 387, § 2, which decriminalized possession of one ounce or less of marijuana, a defendant may be criminally charged with possession with intent to distribute marijuana, in violation of G. L. c. 94C, § 32C (*a*), where the amount of marijuana possessed is one ounce or less. Also before us is the Commonwealth's appeal from an order allowing the defendant's motion to suppress.

We conclude that the passage of G. L. c. 94C, § 32L, did not repeal the offense of possession of marijuana with intent to distribute, G. L. c. 94C, § 32C (*a*), where the amount of marijuana possessed is one ounce or less. We also determine that, while the sale of any amount of marijuana remains a criminal offense under G. L. c. 94C, § 32L, third par., a prosecution under G. L. c. 94C, § 32C (*a*), is not limited solely to situations where the "distribut[ion]" involves a sale. Accordingly, we reverse the order allowing the defendant's motion to dismiss. Last, we affirm the allowance of the defendant's motion to suppress.

1. *Motion to dismiss.* a. *Background.* The defendant is charged with possession of a class D substance (marijuana) with intent to distribute, as a subsequent offense, G. L. c. 94C, § 32C (*a*) and (*b*). The charge arose from an incident that occurred on the afternoon of May 23, 2010, as noted in a police report.[1] The Great Barrington police department received a telephone call from a woman indicating that her daughter and others were smoking marijuana on her property. The police responded to the residence and observed six people, including the defendant, sitting in an area of the front porch. The police searched the defendant and in his pockets found three sandwich bags of marijuana,[2] a

---

[1]The police report is not in the record, but in his motion to dismiss, the defendant sets forth its contents, which do not appear to be in dispute (for the purpose of deciding the motion to dismiss).

[2]That the substance seized is marijuana is not in dispute for purposes of deciding the motion to dismiss.

cellular telephone, and ninety-eight dollars in cash. The total weight of the marijuana was six grams, which is less than one quarter of one ounce.

The defendant moved to dismiss the complaint, asserting that the possession of less than one ounce of marijuana, with intent to distribute, is not a crime in light of the enactment of G. L. c. 94C, § 32L, which decriminalized possession of one ounce or less of marijuana. A District Court judge agreed, concluding that, in accordance with the rules of statutory construction, § 32L punishes those who sell one ounce or less of marijuana, but does not punish those who distribute it unless the distribution involves the exchange of money or other consideration. The Commonwealth appealed from the judge's order allowing the motion to dismiss.

b. *Discussion.* The question before us is what effect, if any, the passage of G. L. c. 94C, § 32L, has on the offense of possession of marijuana with intent to distribute under G. L. c. 94C, § 32C (*a*). Under our current law, it is a criminal offense to possess marijuana with the intent to distribute it. See G. L. c. 94C, § 32C (*a*) ("Any person who knowingly or intentionally . . . distributes . . . or possesses with intent to . . . distribute . . . [marijuana] shall be imprisoned . . ."). The act of simple possession of marijuana is also a crime and is listed separately in the General Laws, see G. L. c. 94C, § 34, and generally prohibits the unauthorized possession of controlled substances, including marijuana.

On November 4, 2008, voters approved St. 2008, c. 387, pursuant to the provisions of art. 48, The Initiative, Part V, § 1, as amended by art. 81, § 2, of the Amendments to the Massachusetts Constitution. See *Commonwealth* v. *Cruz,* 459 Mass. 459, 464 (2011). This initiative is entitled, "An Act establishing a sensible State marihuana policy" (act). See St. 2008, c. 387. The act, in the main, changed the status of the possession of one ounce or less of marijuana from a criminal offense to a civil offense. See St. 2008, c. 387, § 2. Section 2 of the act, which is codified at G. L. c. 94C, § 32L, states in relevant part:

"Notwithstanding any general or special law to the contrary, possession of one ounce or less of marihuana

shall only be a civil offense, subjecting an offender who is eighteen years of age or older to a civil penalty of one hundred dollars and forfeiture of the marihuana, but not to any other form of criminal or civil punishment or disqualification. . . .

"Except as specifically provided in [the act], neither the Commonwealth nor any of its political subdivisions or their respective agencies, authorities or instrumentalities may impose any form of penalty, sanction or disqualification on an offender for possessing an ounce or less of marihuana . . . . Information concerning the offense of possession of one ounce or less of marihuana shall not be deemed 'criminal offender record information' . . . and shall not be recorded in the Criminal Offender Record Information system.

"As used herein, 'possession of one ounce or less of marihuana' includes possession of one ounce or less of marihuana or tetrahydrocannabinol and having cannabinoids or cannibinoid metabolites in the urine, blood, saliva, sweat, hair, fingernails, toe nails or other tissue or fluid of the human body. Nothing contained herein shall be construed to repeal or modify existing laws, ordinances or bylaws, regulations, personnel practices or policies concerning the operation of motor vehicles or other actions taken while under the influence of marihuana or tetrahydrocannabinol, laws concerning the unlawful possession of prescription forms of marihuana or tetrahydrocannabinol such as Marinol, possession of more than one ounce of marihuana or tetrahydrocannabinol, or selling, manufacturing or trafficking in marihuana or tetrahydrocannabinol. Nothing contained herein shall prohibit a political subdivision of the Commonwealth from enacting ordinances or bylaws regulating or prohibiting the consumption of marihuana or tetrahydrocannabinol in public places and providing for additional penalties for the public use of marihuana or tetrahydrocannabinol."

Section 3 of the act, which is codified at G. L. c. 94C, § 32M, requires youthful offenders to complete a drug awareness program "within one year of the offense for possession of one ounce or less of marihauna." In addition, § 4 of the act, which is codified at G. L. c. 94C, § 32N, provides directives to police

departments to enforce violations of § 2 using "non-criminal disposition procedures" under G. L. c. 40, § 21D (noncriminal citation forms). Last, § 5 of the act in two respects amended G. L. c. 94C, § 34 (discussed later), which pertains to simple possession of marijuana.

To resolve the issue before us we apply settled principles of statutory construction "as we would any other statute adopted in the normal legislative process." *Commonwealth* v. *Cruz, supra* at 471 n.22. When a statute's language is plain and unambiguous, we afford it "its ordinary meaning." *Commonwealth* v. *Brown,* 431 Mass. 772, 775 (2000). "Where the draftsmanship of a statute is faulty or lacks precision, it is our duty to give the statute a reasonable construction." *Capone* v. *Zoning Bd. of Appeals of Fitchburg,* 389 Mass. 617, 622 (1983), quoting *School Comm. of Greenfield* v. *Greenfield Educ. Ass'n,* 385 Mass. 70, 79-80 (1982). We "must construe the statute 'in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated.' " *Capone* v. *Zoning Bd. of Appeals of Fitchburg, supra* at 622-623, quoting *Industrial Fin. Corp.* v. *State Tax Comm'n,* 367 Mass. 360, 364 (1975). In addition, a statute must be construed "so that effect is given to all its provisions, so that no part will be inoperative or superfluous." *Bankers Life & Cas. Co.* v. *Commissioner of Ins.,* 427 Mass. 136, 140 (1998), quoting 2A B. Singer, Sutherland Statutory Construction § 46.05 (5th ed. 1992). Significantly, a statute must be interpreted "as a whole"; it is improper to confine interpretation to the single section to be construed. *Wolfe* v. *Gormally,* 440 Mass. 699, 704 (2004), quoting 2A N. Singer, Sutherland Statutory Construction § 46.05, at 154 (6th ed. 2000).

Here, the crimes of simple possession of marijuana and possession of marijuana with intent to distribute are listed separately in the General Laws, have different elements, and are distinct. Compare G. L. c. 94C, § 34 (possession of controlled substance), with G. L. c. 94C, § 32C (*a*) (possession of marijuana with intent to distribute). The act, insofar as it relates to the simple possession statute, only applies to a small amount (one ounce or less) of marijuana. In contrast, the crime of possession with intent to distribute applies to *any* amount of marijuana if the intent is to distribute it (as opposed to personal use). Significantly, in addi-

tion to expressly decriminalizing the possession of one ounce or less of marijuana, the act specifically amended § 34 (the simple possession statute) to set forth an exemption of possession of marijuana of one ounce or less under § 32L from the crime of unlawful possession and set forth an exemption of possession of marijuana of one ounce or less under § 32L from the penalties associated with simple possession. See St. 2008, c. 387, § 5, amending G. L. c. 94C, § 34 ("No person knowingly or intentionally shall possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner while acting in the course of his professional practice, *or except as otherwise authorized by the provisions of this chapter. Except as provided in Section 32L of this Chapter* or as hereinafter provided, any person who violates this section shall be punished . . ." [emphasis supplied]). As such, while the voters, through the act, made specific amendments to the simple possession statute, the voters did not make any changes to G. L. c. 94C, § 32C (*a*), concerning the crime of possession of marijuana with intent to distribute. Such an omission carries significance. See *Commonwealth* v. *Cruz, supra* at 470-471 (we assume voters read "arguments 'for' and 'against' as well as the new law itself"). "[A] statutory expression of one thing is an implied exclusion of other things omitted from the statute." *Commonwealth* v. *Russ R.*, 433 Mass. 515, 521 (2001), quoting *Police Comm'r of Boston* v. *Cecil*, 431 Mass. 410, 413 (2000). By creating specific exemptions in the simple possession statute, but not in the possession with intent to distribute statute, we conclude that the voters intended only to amend the simple possession statute and intended to exclude from the act's reach the separate and distinct crime of possession (of any amount of a controlled substance) with intent to distribute. See *Commonwealth* v. *Cruz, supra.*

The defendant argues that the judge ruled correctly on his motion to dismiss because under G. L. c. 94C, § 32L, there is no penalty for distribution of marijuana if no sale is involved and the amount of marijuana is one ounce or less. The judge reached this conclusion based on the language of § 32L, third par., which carved out specific exemptions:

"Nothing contained herein shall be construed to repeal

or modify existing laws, ordinances or bylaws, regulations, personnel practices or policies concerning the operation of motor vehicles or other actions taken while under the influence of marihuana or tetrahydrocannabinol, laws concerning the unlawful possession of prescription forms of marihuana or tetrahydrocannabinol such as Marinol, possession of more than one ounce of marihuana or tetrahydrocannabinol, or *selling*, manufacturing or trafficking in marihuana or tetrahydrocannabinol" (emphasis added).

The judge found significance with the delineation of these exemptions to decriminalization. Specifically, he determined that by using the term "selling" in § 32L, third par., which he found not to be synonymous with the term "distribute,"[3] the voters clearly effectuated an implied repeal of the possession with intent to distribute statute, G. L. c. 94C, § 32C (*a*), unless the act of "distribution" involves the transfer of over one ounce of marijuana for money or other consideration, i.e., a sale.

The judge's view does not consider the import of § 5 of the act that we discuss above. When dealing with, as argued here, the implied repeal of an existing law, namely the possession with intent to distribute statute, we "will find an implied repeal of one statute by another only when 'the prior statute is so repugnant to, and inconsistent with, the later enactment that both cannot stand.' " *Boston* v. *Board of Educ.*, 392 Mass. 788, 792 (1984), quoting *Commonwealth* v. *Graham*, 388 Mass. 115,

---

[3]Under G. L. c. 94C, § 1, the word "[d]istribute" means "to deliver other than by administering or dispensing a controlled substance." The word "[d]eliver" means "to transfer, whether by actual or constructive transfer, a controlled substance from one person to another, whether or not there is an agency relationship." *Id.* The statute, however, does not define "sale" or "sell." "When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose." *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366, 369 (1977). "We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." *Id.* An authoritative law dictionary defines the word "sell" to mean "[t]o transfer (property) by sale," Black's Law Dictionary 1482 (9th ed. 2009), and the word "sale" to mean "[t]he transfer of property or title for a price." *Id.* at 1454. Thus, while the term "sell" may constitute one type of distribution (indeed, there is no specifically enumerated offense of "selling" any amount of marijuana), the term "sell" or "sale" is narrower than the term "distribution" and we agree with the judge that they are not synonymous.

125 (1983). We have cautioned that a "statute is not to be deemed to repeal or supersede a prior statute in whole or in part in the absence of express words to that effect or of clear implication." *Commonwealth* v. *Hayes*, 372 Mass. 505, 512 (1977), quoting *Colt* v. *Fradkin*, 361 Mass. 447, 449-450 (1972). This is so because "[i]t is not to be lightly supposed that radical changes in the law were intended where not plainly expressed." *Commonwealth* v. *Burke*, 390 Mass. 480, 486 (1983), quoting *Ferullo's Case*, 331 Mass. 635, 637 (1954). In the act, the voters did not expressly repeal § 32C (*a*). Nor is there any clear implication of a repeal of § 32C (*a*). Rather, by § 32L, third par., the voters merely set forth some examples of how its provision of decriminalizing the possession of one ounce or less of marijuana was not "to repeal or modify existing laws." G. L. c. 94C, § 32L, third par. The listed exemptions therein noted by the judge cannot be construed as exhaustive. Indeed, the next sentence of § 32L, third par., goes on to state that "[n]othing contained herein shall prohibit a political subdivision of the Commonwealth from enacting ordinances or bylaws regulating or prohibiting the consumption of marihuana or tetrahydrocannabinol in public places and providing for additional penalties for the public use of marihuana or tetrahydrocannabinol." Our construction is based on a reading of the entire act. See *Commonwealth* v. *Smith*, 431 Mass. 417, 424 (2000) (statutes that relate to common subject matter should be construed together to constitute harmonious whole). It also is consistent with the intent expressed by the Legislature that, generally speaking, controlled substances are not to be obtained "on the street," but rather, should be procured "pursuant to a valid prescription or order, from a practitioner while acting in the course of his professional practice." G. L. c. 94C, § 34. See *Commonwealth* v. *Cruz*, 459 Mass. 459, 473 (2011) (while G. L. c. 94C, § 32L, changed status of possessing one ounce or less of marijuana from a crime to a civil violation, "possession of marijuana, in any amount, remains illegal; decriminalization is not synonymous with legalization").

We conclude that the passage of G. L. c. 94C, § 32L, did not repeal the offense of possession of marijuana with intent to distribute, in violation of G. L. c. 94C, § 32C (*a*), where the amount of marijuana possessed is one ounce or less. In addition,

while the sale of any amount of marijuana remains a criminal offense under the act, see G. L. c. 94C, § 32L, third par., we conclude that the act does not limit prosecution under G. L. c. 94C, § 32C (*a*), solely to situations where distribution involves a sale. We leave for another day, however, the extent of all acts that are proscribed by the term "distribute" under § 32C (*a*) in view of the enactment of G. L. c. 94C, § 32L.[4]

2. *Suppression motion.* The defendant filed a motion to suppress evidence, namely marijuana, cash, and a cellular telephone, as well as all text messages recovered from his cellular telephone and information derived therefrom, arguing that they were the product of unlawful search of his person under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights.[5] Specifically, he asserted that the evidence was unlawfully obtained because the police lacked probable cause to conduct an unconsented-to, warrantless search of his person. After an evidentiary hearing, the District Court judge agreed and allowed the motion.

In reviewing a decision on a motion to suppress, "we accept the judge's subsidiary findings of fact absent clear error 'but conduct an independent review of his ultimate findings and conclusions of law.' " *Commonwealth* v. *Scott,* 440 Mass. 642,

---

[4]In this case, the charge of possession of marijuana with intent to distribute was not based on the sharing of a marijuana cigarette among friends. A cursory reading of this opinion might suggest that, where such circumstances are present, the Commonwealth may criminally charge each person who passed the marijuana cigarette to another with distribution of marijuana or possession with intent to distribute, in violation of § 32C (*a*), even though such individuals could not be charged criminally with possession of marijuana, because the amount of marijuana each possessed was one ounce or less. The ironic consequence of such an interpretation would be that, as a result of the passage of G. L. c. 94C, § 32L, which was intended to decriminalize the possession of a small quantity of marijuana, individuals who share a marijuana cigarette would still be charged criminally, but the charge would now be more serious than simple possession, with a maximum sentence of two years in a house of correction rather than six months. *Id.* at § 34. In declaring that we leave for another day "the extent of all acts that are proscribed by the term 'distribute' under § 32C (*a*) in view of the enactment of G. L. c. 94C, § 32L," we have expressly reserved the question whether such conduct may warrant a criminal conviction under § 32C (*a*).

[5]In his motion to suppress, the defendant did not argue that art. 14 of the Massachusetts Declaration of Rights affords him any greater protection than the Fourth Amendment to the United States Constitution.

646 (2004), quoting *Commonwealth* v. *Jimenez,* 438 Mass. 213, 218 (2002). Here, the judge did not make written findings of fact. Instead, he credited the testimony of the sole witness at the evidentiary hearing, Jonathan Finnerty, a police officer of the Great Barrington police department, and adopted his testimony as his findings. We thus summarize Officer Finnerty's testimony.

On the afternoon of May 23, 2010, a woman who telephoned the Great Barrington police department to report that people, including her daughter and the defendant, were smoking marijuana in her front yard and did not stop when asked. Officer Finnerty, together with his partner, responded to the call. Officer Finnerty had been assigned to the Berkshire County drug task force, had received narcotics training at the State and Federal level, and had participated in over one hundred narcotic investigations and arrests. He had coached the defendant when he played football in the seventh and eighth grade and had previously arrested the defendant for possession of cocaine with intent to distribute and for possession of marijuana.

The officers arrived at the residence within six to eight minutes. There were about six people on the front porch of the house. A woman came out of the house, identified herself as the telephone caller, and pointed out the defendant as one of the people who had been smoking marijuana.

Officer Finnerty approached the defendant and advised him that he would be searching him for contraband. He then searched the defendant and in his pocket found three individually wrapped plastic bags of marijuana that weighed about two grams each, with a net weight under one ounce. In another pocket Officer Finnerty found "just under" $100 in cash and a cellular telephone.

On the cellular telephone, Officer Finnerty discovered a message that had been sent about twenty minutes prior to his arrival. The sender of the message was looking to purchase twenty dollars' worth of marijuana. After reading the message, Officer Finnerty arrested the defendant for possession of marijuana with intent to distribute.

At the police station, Officer Finnerty retrieved another text message on the defendant's cellular telephone. The sender of the message was looking to purchase one pound of marijuana. Without identifying himself, Officer Finnerty responded to this individual.

The Commonwealth asserts that Officer Finnerty's search of the defendant was lawful because the circumstances established probable cause to believe that the defendant was in possession of contraband, namely, marijuana, and obtaining a warrant would have been impracticable, as the marijuana easily could have been destroyed. There is no dispute in this case that the defendant was "seized," in the constitutional sense, see *Commonwealth v. Borges,* 395 Mass. 788, 791 (1985), and that an actual search of his person was conducted as opposed to a threshold inquiry. Nor does the Commonwealth dispute that in order to conduct the warrantless search of the defendant, the search, under both the Fourth Amendment and art. 14, must be based on probable cause and require the presence of certain exigent circumstances. See *Commonwealth v. Washington,* 449 Mass. 476, 480 (2007); *Commonwealth v. Santaliz,* 413 Mass. 238, 240 (1992), and cases cited. "[P]robable cause exists where . . . the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual . . . has committed or was committing an offense." *Commonwealth v. Washington, supra* at 481, quoting *Commonwealth v. Storey,* 378 Mass. 312, 321 (1979), cert. denied, 446 U.S. 955 (1980). "The officers must have entertained rationally 'more than a suspicion of criminal involvement, something definite and substantial, but not a prima facie case of the commission of a crime, let alone a case beyond a reasonable doubt.' " *Commonwealth v. Santaliz, supra* at 241, quoting *Commonwealth v. Rivera,* 27 Mass. App. Ct. 41, 45 (1989). "[A]n objective test is used to determine whether probable cause exists." *Commonwealth v. Franco,* 419 Mass. 635, 639 (1995). Where, as here, a search is made without a warrant, "the Commonwealth bears the burden of establishing that the actions of the police met constitutional standards." *Commonwealth v. Santaliz, supra* at 240.

An intent to distribute "is a matter of fact, which may not be susceptible of proof by direct evidence. In that event resort must be had . . . by inference from all the facts and circumstances . . . ." *Commonwealth v. Rivera,* 425 Mass. 633, 648 (1997), quoting *Commonwealth v. Ellis,* 356 Mass. 574, 578-579 (1970). In this case, while Officer Finnerty had been informed by another about recent marijuana *use* by the defendant, Officer

Finnerty, prior to searching the defendant, did not observe any illegal or suspicious activity on the part of the defendant indicative of an *intent to distribute* marijuana and there was no information relayed to him concerning any actions by the defendant to support probable cause that the defendant *intended to distribute* any marijuana. Although Officer Finnerty permissibly could take into account his knowledge of the defendant's prior criminal record, see *Roe* v. *Attorney Gen.*, 434 Mass. 418, 442 (2001), without additional facts specifically concerning an intent to distribute, Officer Finnerty's knowledge of the defendant's prior criminal record by itself could not justify police intrusion. See *Commonwealth* v. *Kennedy*, 426 Mass. 703, 709 (1998). In these circumstances, we conclude that probable cause was not met. See *Commonwealth* v. *Levy*, 459 Mass. 1010, 1011 (2011), quoting *Commonwealth* v. *Kennedy*, *supra* at 711 (rejecting per se rule that officer must see object exchanged to have probable cause to arrest for possession of controlled substance with intent to distribute, but noting that such observation is important piece of evidence supporting probable cause and its absence weakens prosecution's probable cause showing).

Because Officer Finnerty lacked probable cause to search the defendant, his search of the defendant was unlawful and the evidence obtained therefrom, namely, the marijuana, cash, and cellular telephone, must be suppressed. Further, because all text messages recovered from the defendant's cellular telephone and information derived therefrom was the direct product of the unlawful search, such evidence also must be suppressed under the "fruit of the poisonous tree" doctrine set forth in *Wong Sun* v. *United States*, 371 U.S. 471, 488 (1963). See *Commonwealth* v. *Ferguson*, 410 Mass. 611, 616 (1991). The motion to suppress was properly allowed.

3. *Conclusion.* We reverse the order allowing the defendant's motion to dismiss. We affirm the order allowing the defendant's motion to suppress.

*So ordered.*