MATTHEW FERREIRA *vs.* CHRYSLER GROUP LLC & another.[1]

Bristol. February 6, 2014. - June 11, 2014.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Indemnity. Motor Vehicle,* Defect, Dealer, Franchise. *Statute,* Construction. *Negligence,* Defective product, Design, Manufacturer of motor vehicle, Retailer.

This court concluded that a motor vehicle manufacturer owes a duty, under G. L. c. 93B, § 8 (*a*), to defend a motor vehicle dealer against a claim predicated upon the negligent design or manufacture of a new motor vehicle, or any part or component thereof, where the dealer promptly notifies the manufacturer in writing that a claim has been asserted alleging damages arising from a defective motor vehicle or part caused solely by the fault or neglect of the manufacturer, and not by any fault or neglect of the dealer [339-345]; further, this court concluded that a product liability claim that a new motor vehicle is defective because of its design or manufacture falls within the scope of § 8 (*a*) as a claim predicated upon the negligent design or manufacture of a new motor vehicle [345-346].

CIVIL ACTION commenced in the Superior Court Department on December 4, 2009.

Cross claims were heard by *Richard T. Moses,* J., on motions for summary judgment.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Sara A. Decatur Judge (Paul Marshall Harris* with her) for Somerset Auto Group.

*Keith B. Rose (Mark W. Skanes* with him) for Chrysler Group LLC.

GANTS, J. The issue on appeal is one of statutory construction: under what circumstances does a motor vehicle manufacturer owe a duty under G. L. c. 93B, § 8 (*a*), to defend a motor vehicle dealer against a claim "predicated upon the negligent

---

[1]Somerset Auto Group, doing business as Somerset Chrysler-Jeep Dodge (Somerset).

design or manufacture of a new motor vehicle, or any part or component thereof?"[2] We conclude that a manufacturer owes such a statutory duty where a dealer promptly notifies it in writing that a claim has been asserted alleging damages arising from a defective motor vehicle or part caused solely by the fault or neglect of the manufacturer, and not by any fault or neglect of the dealer. Because the plaintiff's allegations here alleged the fault or neglect of *both* the manufacturer and the dealer, the manufacturer did not have a duty to defend under § 8 (*a*), in the circumstances of this case.

*Background.* The plaintiff, Matthew Ferreira, purchased a new Jeep Wrangler (Jeep) from the defendant Somerset Auto Group (Somerset) on April 7, 2007. The vehicle was manufactured by the predecessor entity of the defendant Chrysler Group LLC (Chrysler), and was subject to Chrysler's limited warranty, which covered all costs for parts and labor necessary to repair any defects on the vehicle for a period of thirty-six months or 36,000 miles, whichever occurs first.

On September 25, 2009, Ferreira's attorney sent a demand letter to Chrysler and Somerset alleging that the Jeep had been repaired at least six times and been out of service for forty-two days for unspecified "nonconformities that continue to exist." He alleged that Chrysler's inability to repair the Jeep after six attempts despite having the vehicle out of service for forty-two days constituted a breach of warranty and an unfair and deceptive trade practice in violation of the Massachusetts consumer protection act, G. L. c. 93A, and the Federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq., as well as a violation of the Massachusetts Lemon Law, G. L. c. 90, § 7N 1/2. He also alleged that Somerset's inability to repair the Jeep and its unspecified misrepresentations regarding the warranty and the vehicle constituted a breach of its warranty, and an unfair and deceptive trade practice in violation of G. L. c. 93A, and 15

---

[2]General Laws c. 93B, § 8 (*a*), provides in relevant part: "The manufacturer or distributor, after having been notified promptly in writing by the motor vehicle dealer that [a claim predicated upon the negligent design or manufacture of a new motor vehicle, or any part or component thereof,] has been asserted and is pending, shall assume the defense thereof and resolve the same at its own expense." The full text of § 8 (*a*) is reprinted *infra.*

U.S.C. §§ 2301 et seq. He demanded that Chrysler and Somerset repurchase the Jeep and pay his attorney's fees and costs.

Somerset responded to the demand letter in two ways. First, it informed Ferreira's attorney that his demand letter lacked the specificity required under G. L. c. 93A. Second, it demanded that Chrysler assume the defense of Somerset and indemnify Somerset against Ferreira's claims pursuant to G. L. c. 93B, § 8 (a). Chrysler rejected Somerset's demand as premature, claiming that it "only indemnifies dealers in law suits, not for claim letters."

In December, 2009, Ferreira filed a complaint in Superior Court against Chrysler and Somerset alleging that the Jeep was defective and contained defective parts, and that the defendants failed to repair or otherwise remedy the defects in accordance with the limited warranty. He sought a refund of the purchase price for the vehicle, attorney's fees and costs, and other "consequential, incidental, and actual damages." In his complaint, Ferreira asserted seven counts against the defendants, including breach of contract, breach of the express warranty and of the implied warranty of merchantability, and unfair or deceptive acts or practices in violation of G. L. c. 93A. After the filing of the complaint, in an electronic mail message to Chrysler's attorney, Somerset again demanded that Chrysler reimburse Somerset for the attorney's fees it incurred in defending against Ferreira's claims and indemnification for any liability incurred, and filed cross claims against Chrysler under G. L. c. 93B, § 8 (a), and the franchise agreement, seeking the same relief.

After the close of discovery, the judge granted Chrysler's motion for summary judgment on all counts against Ferreira, finding that Ferreira had failed to submit any expert evidence supporting his allegation that the fuel system was defective or that any defect had not been properly repaired.[3] Thereafter, Ferreira voluntarily dismissed his claims against Somerset.

The judge also granted Chrysler's motion for summary judg-

---

[3]The judge noted the undisputed affidavit of Chrysler's expert witness, who concluded, after inspection and testing, that the fuel gauge was operating properly, the fuel level sensor was within design specifications, and the fuel gauge system was operating as designed.

ment as to Somerset's cross claims. The judge concluded that Somerset was not entitled to a defense or indemnification under § 8 (a), because that statute "was intended to place the burden upon manufacturers to defend product liability cases arising out of negligent design or manufacture of motor vehicles," and Ferreira's "demand letter and . . . complaint are completely devoid of any claim of negligent manufacture or design of the vehicle." The judge also found that Somerset was not entitled to indemnification under the franchise agreement because Somerset "failed to follow the procedures outlined in the agreement."[4]

In an unpublished memorandum and order pursuant to Appeals Court rule 1:28, an Appeals Court panel affirmed the grant of summary judgment as to Somerset's cross claim, but on a different ground than the motion judge. *Ferreira* v. *Chrysler Group LLC*, 83 Mass. App. Ct. 1104 (2012). The Appeals Court panel declared that "there is much to commend" Somerset's argument that the indemnification furnished by § 8 (a) "is not limited to actions sounding in tort," noting that a claim that a product is defective may be "framed as a breach of warranty claim rather than a tort, and must be so framed if economic loss (loss of the defective product or use thereof) is the only damage claimed." The panel declared that limiting indemnification under § 8 (a) to claims that allege negligence "would significantly undermine a primary purpose of the statute." The panel concluded, however, that it need not decide whether § 8 (a) was limited to negligence claims because there is no right of indemnity under § 8 (a) where there is no finding of liability, and the plaintiff's claims against Chrysler and Somerset here were dismissed. The panel did not address whether Chrysler had a duty to defend Somerset or whether Somerset was entitled to reimbursement for the costs of its defense under § 8 (a).[5] We granted Somerset's application for further appellate review.

*Discussion.* "General Laws c. 93B was enacted in recognition of the potentially oppressive power of automobile manu-

---

[4]Somerset did not appeal from the judge's grant of summary judgment as to its cross claim under the franchise agreement.

[5]Somerset moved for reconsideration on this ground, but the motion was denied.

facturers and distributors in relation to their affiliated dealers." *Beard Motors, Inc.* v. *Toyota Motor Distribs., Inc.*, 395 Mass. 428, 432 (1985), citing Report of the Legislative Research Council Relative to Regulation of the Automotive Industry, 1968 Senate Doc. No. 983, and Brown, A Bill of Rights for Auto Dealers, 12 B.C. Indus. & Com. L. Rev. 757, 760-776 (1971). "It is clear from a reading of G. L. c. 93B as a whole that the intention of the Legislature was to protect motor vehicle franchisees and dealers from the type of injury to which they had been susceptible by virtue of the inequality of their bargaining power and that of their affiliated manufacturers and distributors." *Beard Motors, Inc., supra* at 433. The primary focus of G. L. c. 93B is the characterization of specific conduct by automobile manufacturers and dealers as unfair methods of competition and unfair or deceptive acts or practices. See G. L. c. 93B, § 4 (identifying conduct that "is arbitrary, in bad faith, or unconscionable and which causes damage to the manufacturer, . . . motor vehicle dealer or to the public"). The issue on appeal, however, concerns the interpretation of § 8 (*a*), which provides for indemnification and defense by motor vehicle manufacturers and distributors of certain claims brought against motor vehicle dealers. The specific question raised on appeal, which is one of first impression, is under what circumstances does a motor vehicle manufacturer owe a duty to a dealer under § 8 (*a*) to assume the defense of a claim?

To answer the question, we look not only to the text of § 8 (*a*), which addresses when a manufacturer owes a dealer a duty to defend, but also to § 8 (*b*), which addresses when a dealer owes a manufacturer a duty to defend, because our statutory interpretation must be in harmony with both provisions. Section 8 (*a*) provides:

"Notwithstanding any terms or provisions of a franchise agreement to the contrary, a manufacturer or distributor shall indemnify its motor vehicle dealers and hold them harmless from and against all damages, liabilities, losses, and reasonable expenses of suit, including reasonable attorneys' fees, arising out of or incurred in the defense of any claim brought by any person seeking compensation or other relief predicated upon the negligent design or

manufacture of a new motor vehicle, or any part or component thereof, manufactured or distributed by the manufacturer or distributor where the basis for liability is finally determined by a court to be solely the result of such negligence by manufacturer or distributor and not in any way the result of any fault or neglect on the part of the motor vehicle dealer. The manufacturer or distributor, after having been notified promptly in writing by the motor vehicle dealer that the claim has been asserted and is pending, shall assume the defense thereof and resolve the same at its own expense."

Section 8 (*b*) provides:

"Notwithstanding any terms or provisions of a franchise agreement to the contrary, a motor vehicle dealer shall indemnify the manufacturer of any new motor vehicle purchased or otherwise acquired by the motor vehicle dealer, and any distributor through which it purchased or acquired the same, and hold them harmless from and against all damages, liabilities, losses and reasonable expenses of suit, including reasonable attorneys' fees, arising out of or incurred in the defense of any claim brought by any person seeking compensation or other relief predicated upon the negligent act or omission of the motor vehicle dealer where the basis for liability is finally determined by a court to be solely the result of the negligence of the motor vehicle dealer and not in any way the result of any fault or neglect on the part of the manufacturer or distributor. The motor vehicle dealer, after having been notified promptly in writing by manufacturer or distributor that a claim has been asserted and is pending, shall assume the defense thereof and resolve the same at its own expense."

A careful reading of these two provisions yields four observations. First, the statutory duties to indemnify and defend may not be abrogated or limited by any franchise agreement. See § 8 (*a*) and (*b*) ("Notwithstanding any terms or provisions of a franchise agreement to the contrary . . ."). Second, the statutory duties to indemnify and defend are reciprocal: under certain circumstances, a manufacturer or distributor owes these duties to a dealer, and under other circumstances, a dealer owes these

duties to a manufacturer or distributor. See § 8 (*a*) and (*b*). Third, the duty to indemnify is very narrow. A manufacturer or distributor owes a dealer a duty to indemnify only (1) where the claim is "predicated upon the negligent design or manufacture of a new motor vehicle, or any part or component thereof, manufactured or distributed by the manufacturer or distributor," and (2) "where the basis for liability is finally determined by a court to be *solely* the result of such negligence by manufacturer or distributor and *not in any way* the result of any fault or neglect on the part of the motor vehicle dealer" (emphasis added). See § 8 (*a*). Similarly, a motor vehicle dealer owes a manufacturer or distributor a duty to indemnify only (1) where the claim is "predicated upon the negligent act or omission of the motor vehicle dealer," and (2) "where the basis for liability is finally determined by a court to be *solely* the result of the negligence of the motor vehicle dealer and *not in any way* the result of any fault or neglect on the part of the manufacturer or distributor" (emphasis added). See § 8 (*b*). Fourth, in contrast with the duty to indemnify, which is triggered only where "the basis for liability is finally determined by a court," the duty to defend is triggered by written notification from a manufacturer, distributor, or dealer "that a claim has been asserted and is pending." See § 8 (*a*) and (*b*).

In its appeal, Somerset only seeks reimbursement of the attorney's fees and costs it incurred when Chrysler refused to assume its defense after Somerset's written demand. Chrysler contends that Somerset is not entitled to such reimbursement where, as here, the defendants prevailed and there was no finding of liability. We reject this argument. As we have noted in the insurance law context, the duty to defend is separate and distinct from the duty to indemnify. See *Metropolitan Prop. & Cas. Ins. Co.* v. *Morrison*, 460 Mass. 352, 357 (2011). "The duty to defend is determined based on the facts alleged in the complaint, and on facts known or readily knowable by the insurer that may aid in its interpretation of the allegations in the complaint." *Id.*, quoting *Billings* v. *Commerce Ins. Co.*, 458 Mass. 194, 200 (2010). Because § 8 (*a*) and (*b*) contemplates that the manufacturer, distributor, or dealer "shall assume the defense" on written notification of the assertion of a claim, the

determination of the duty to defend must rest on the allegations in the claim, not on its final disposition. Even though indemnification under § 8 (*a*) and (*b*) includes the payment of the "reasonable expenses of suit, including reasonable attorneys' fees," a manufacturer, distributor, or dealer with a duty to defend may not refuse to assume the defense after being notified of a claim and hope to be spared the obligation to pay the costs of defense if no liability is found.[6]

The critical question, then, is what constitutes a "claim" that triggers the duty to defend under § 8 (*a*) and (*b*). In the insurance context, the duty to defend is broadly defined: "An insurer has a duty to defend an insured when the allegations in a complaint are reasonably susceptible of an interpretation that states or roughly sketches a claim covered by the policy terms." *Metropolitan Prop. & Cas. Ins. Co.*, 460 Mass. at 357, quoting *Billings*, 458 Mass. at 200. But the duty cannot be so broadly defined under § 8 (*a*) and (*b*), lest when allegations may be construed to state claims against both parties, the manufacturer would be obligated on demand to assume the defense of a claim against a dealer under § 8 (*a*), and the dealer would be obligated on demand to assume the defense of the same claim against a manufacturer under § 8 (*b*). See *Commonwealth* v. *Keefner*, 461 Mass. 507, 511 (2012), quoting *Wolfe* v. *Gormally*, 440 Mass. 699, 704 (2004) ("statute must be interpreted 'as a whole'; it is improper to confine interpretation to the single section to be construed"). Nor, to avoid this incongruity, can the duty to defend rest on who is the quickest to make a written demand. Rather, it must rest on a more precise definition of the "claim" whose assertion, with notice, triggers a duty to defend.

Although we have no relevant legislative history to guide us, we understand from the language and context of § 8 (*a*) and (*b*) that the legislative purpose was to create a statutory counterpart of common-law indemnification. Under our common law, "[i]ndemnity . . . allows someone who is without fault, compelled by operation of law to defend himself against the wrongful act of another, to recover from the wrongdoer the entire

---

[6]Because Somerset renewed its request for defense under G. L. c. 93B, § 8 (*a*), after Ferreira brought suit, we do not reach the question whether a demand letter constitutes an assertion of a "claim" as required by the statute.

amount of his loss, including reasonable attorney's fees." *Elias* v. *Unisys Corp.*, 410 Mass. 479, 482 (1991). "[I]f a manufacturer supplies a defective product to a retailer, who sells it to a customer, who recovers from the retailer for an injury incurred, the retailer may recover in indemnity against the manufacturer." *Fireside Motors, Inc.* v. *Nissan Motor Corp.*, 395 Mass. 366, 370 (1985), quoting Restatement (Second) of Torts § 886B comment c (1979). However, the right to indemnity is limited to those cases where the person seeking indemnification is blameless, but is held derivatively or vicariously liable for the wrongful act of another. See, e.g., *Fireside Motors, Inc.*, *supra* at 369-370; *Decker* v. *Black & Decker Mfg. Co.*, 389 Mass. 35, 40 (1983). "The general rule is that a person who negligently causes injury to a third person is not entitled to indemnification from another person who also negligently caused that injury." *Fireside Motors, Inc.*, *supra* at 370, quoting *Rathbun* v. *Western Mass. Elec. Co.*, 395 Mass. 361, 364 (1985).

Section 8 (*a*) is comparable to common-law indemnity in that it provides indemnification to a dealer where the claim for relief is "predicated upon the negligent design or manufacture of a new motor vehicle," that is, where the dealer is sued because it sold a vehicle that was defective as a result of conduct by the manufacturer in the design or production of the vehicle that occurred before the dealer obtained the vehicle. In addition, under § 8 (*a*), a dealer is not entitled to indemnification where the basis for liability is "in any way the result of any fault or neglect on the part of the motor vehicle dealer." Similarly, § 8 (*b*) is also comparable to common-law indemnity in that it provides indemnification to a manufacturer or distributor where the claim for relief is "predicated upon the negligent act or omission of the motor vehicle dealer," that is, where the manufacturer or distributor is sued based solely on conduct by the dealer that is "not in any way the result of any fault or neglect" by the manufacturer or distributor.

A claim that a manufacturer or distributor has a duty to defend under § 8 (*a*) is a claim that, as alleged, would trigger a duty to indemnify if liability were found, that is, a claim for relief predicated solely on the alleged negligent design or manufacture of a new motor vehicle, alleging no fault or neglect by the mo-

tor vehicle dealer. Similarly, a claim that a motor vehicle dealer has a duty to defend under § 8 (*b*) is a claim for relief predicated solely on the alleged negligent act or omission of the motor vehicle dealer, alleging no fault by the manufacturer or the distributor. Under these circumstances, it makes perfect sense for the party whose fault or neglect is at issue to assume the defense of the party whose conduct is not at issue, and who is a defendant solely because it sold, manufactured, or distributed the vehicle. Where a claim alleges that the plaintiff's damages arose from the negligent acts or omissions of the dealer *and* the manufacturer or distributor, neither party is required under § 8 (*a*) or (*b*) to assume the defense of the other, because the conduct of each party is at issue. Here, the plaintiff, both in his demand letter and his complaint, alleged that both Chrysler and Somerset were at fault, Chrysler for its manufacture of a defective product and its failure to honor its limited warranty, and Somerset for its failure to repair the fuel gauge defect and its misrepresentations. Under these circumstances, neither Chrysler nor Somerset had any duty to defend the other because the conduct of both was at issue based on the plaintiff's allegations. For this reason, we affirm the judgment dismissing Somerset's cross claim for reimbursement of its attorney's fees and costs of defense.[7]

Although we affirm the judge's grant of summary judgment to Chrysler on Somerset's cross claim under § 8 (*a*), we respectfully disagree with the judge's conclusion that there can be no duty to indemnify or to defend under § 8 (*a*) where the claim does not specifically allege negligent design or manufacture. Under § 8 (*a*), a prerequisite of such a duty is a claim for relief "*predicated upon* the negligent design or manufacture of a new motor vehicle" (emphasis added), not a claim for relief *alleging* negligent design or manufacture. A product liability claim of

---

[7]Although we conclude that G. L. c. 93B, § 8 (*a*), does not impose on the manufacturer a duty to defend against claims alleging damages predicated on the negligence of both the manufacturer and the dealer, we expect that the manufacturer will often assume the defense of such claims, because, as the designer of the vehicle, it will often be in a better position than the dealer to defend against such claims, and would be subject to an action for indemnification (if it turns out the manufacturer was solely responsible) or contribution (if the defendants are joint tortfeasors) for damages recovered by the plaintiff.

product defect may be "predicated" on negligent design or manufacture, because most defects arise from negligent design or manufacture, but under our common law a plaintiff need not allege negligence to prevail, because a plaintiff may obtain relief through a claim of breach of the implied warranty of merchantability without specifically alleging or proving negligence. See *Colter* v. *Barber Greene Co.*, 403 Mass. 50, 62 (1988), quoting *Hayes* v. *Ariens Co.*, 391 Mass. 407, 410 (1984) ("defendant in a products liability case in this Commonwealth may be found to have breached its warranty of merchantability without having been negligent"). See also *Evans* v. *Lorillard Tobacco Co.*, 465 Mass. 411, 422 (2013), citing Restatement (Third) of Torts: Products Liability § 2, at 14 (1998) ("product may be defective and unreasonably dangerous because of a manufacturing defect, a design defect, or a warning defect, that is, a failure reasonably to warn of the product's foreseeable risks of harm"). We do not infer that the Legislature intended to exclude product liability claims from the duty to indemnify and to defend under § 8 (*a*), where claims of defect in design or manufacture of a new motor vehicle are precisely the type of claims where a dealer may be liable but without fault and therefore trigger the manufacturer's duty to indemnify and defend. Nor do we infer that the Legislature intended to include product liability claims within the scope of § 8 (*a*) only where the plaintiff also brings a superfluous negligence claim, because we do not believe the Legislature intends to exalt form over substance. Therefore, we conclude that a claim that a new motor vehicle is defective because of its design or manufacture falls within the scope of a claim of relief "predicated upon the negligent design or manufacture of a new motor vehicle."

*Conclusion.* The judgment of dismissal of Somerset's cross claim under § 8 (*a*) is affirmed.[8]

*So ordered.*

[8]We note that Chrysler also contends that the cross claim must be dismissed because it is not liable under the United States Bankruptcy Court's sale order for any claims arising from the negligent design or manufacture of vehicles that were manufactured by its predecessor corporation. Because we affirm the judgment of dismissal on other grounds, we need not address this argument.