**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50204 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-07050-DMS-1 |
| v. | |
| DAMAZO ACOSTA, AKA Cody Acosta, AKA Dmaso Acosta, Jr., AKA Flaco, AKA Shorty, AKA Thomas John Williams, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted April 9, 2015**
Pasadena, California

Before: BENAVIDES,*** TASHIMA, and CLIFTON, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

Defendant-Appellant Damazo Acosta ("Acosta") appeals from the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291. On appeal, Acosta argues that (1) the evidence related to the alleged violations of Massachusetts drug laws was insufficient, (2) his due process rights were violated when he did not have the opportunity to confront a double-hearsay declarant during the evidentiary hearing, and (3) the sentence was procedurally unreasonable because of the weight given to his criminal history. After reviewing each of these challenges, we affirm.

We review a district court's revocation of supervised release for abuse of discretion. *United States v. Thum*, 749 F.3d 1143, 1145 (9th Cir. 2014). "In evaluating the sufficiency of the evidence supporting a supervised release revocation, we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *Id.* (internal quotation marks omitted). "Whether a defendant has received due process at a revocation proceeding is a mixed question of law and fact that we review de novo. . . . A due process violation at a revocation proceeding is subject to harmless error analysis." *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008) (internal quotation marks and citation omitted). We review a sentence's procedural reasonableness for abuse

2

of discretion. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

We conclude that a rational trier of fact could have found by a preponderance of the evidence that Acosta possessed marijuana with intent to distribute, in violation of Massachusetts General Laws chapter 94C, § 32C. The possession requirement has clearly been established. When the police asked Acosta whether they would find marijuana in the motel room that was registered under Acosta's name and where Acosta was found, Acosta replied affirmatively. Police then found close to ten pounds of marijuana in the room, an amount considered to be distributable under Massachusetts law. *See Commonwealth v. Allen*, 554 N.E.2d 854, 859-60 (Mass. App. Ct. 1990). An intent to distribute may be inferred from the surrounding facts and circumstances. *Commonwealth v. Keefner*, 961 N.E.2d 1083, 1091 (Mass. 2012). Here, in addition to the multiple pounds of marijuana, there were other items found in the motel room that were consistent with distribution— most notably the FedEx boxes, duct tape, mailing receipt, cell phones, and shipping labels. *See Commonwealth v. Sepheus*, 9 N.E.3d 800, 808 (Mass. 2014) (listing cell phones and packaging materials as examples of "drug paraphernalia consistent with distribution"). Also, police observed Brendon Smith

("Smith") near the motel room, and Smith was soon thereafter stopped and found with a small amount of marijuana.

We also conclude that a rational trier of fact could have found by a preponderance of the evidence that Acosta engaged in a conspiracy to violate a drug law, in violation of Massachusetts General Laws chapter 94C, § 40. Conspiracy requires a showing of "an unlawful agreement to further, by concerted action, the accomplishment of a criminal act." *Commonwealth v. D'Amour*, 704 N.E.2d 1166, 1183 (Mass. 1999). Here, there was strong evidence that Acosta and Stephen Lumbert ("Lumbert") knew each other and were in communication with each other. Lumbert's actions outside the motel room shortly after Acosta moved bags from the car to the motel room, including a duffel bag that was later found to contain marijuana, were consistent with that of a lookout. Lumbert was also arrested with marijuana in his possession. All of this evidence, together with the amount of marijuana and drug paraphernalia that was found in the motel room, could easily lead a rational trier of fact to find, by a preponderance of the evidence, that Acosta conspired with Lumbert to possess marijuana with intent to distribute.

Regarding Acosta's due process challenge, even if there was a violation of due process in admitting out-of-court statements made by Smith without giving Acosta an opportunity to confront Smith, any error was harmless. Detective John

4

Doble ("Doble") testified that, when Smith was stopped, the officers seized from him a small quantity of marijuana. When asked during the evidentiary hearing whether the other officers had an opportunity to ask Smith where he had been, Doble replied that Smith stated that he was coming from the Quality Inn, where Acosta had been observed and where he was ultimately arrested. When asked whether Smith gave any names, Doble replied that Smith did not. These double-hearsay statements do not add anything to the evidence that the police already had acquired. The police already had observed that Smith went to the inn, and the testimony that Smith did not provide any names does not add anything to the evidence against Acosta. Thus, any error was harmless.

Finally, we conclude that the sentence was not procedurally unreasonable. According to the Sentencing Guidelines, "at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A(3)(b) (2014). Under an abuse-of-discretion review, we conclude that there is no indication that the district court did not consider, primarily, Acosta's breach of trust, and then his criminal history to a limited degree. **AFFIRMED.**