Following a jury trial in the Superior Court, the defendant, Erich Sorenson, was convicted of armed assault with intent to rob, and assault and battery by means of a dangerous weapon causing serious bodily injury. On appeal, the defendant claims that the judge erred in denying his motion to suppress. We affirm.
Background. On April 14, 2012, the defendant stabbed the victim during an attempted robbery. The victim sustained serious injury and was hospitalized for more than six weeks. Two days after the incident, an eyewitness to the stabbing identified the defendant as the assailant and told the police where he lived. Lowell police entered the residence, which was described as a three-story building with numerous apartments on each floor. Sergeant Joseph Murray knocked on the door of one of the units, and after speaking with a female, the defendant came to the door. Murray asked the defendant to step out into the hallway and, after he complied, Murray arrested him.
The defendant filed a motion to suppress both the statements that he made to the police subsequent to his arrest as well as Murray's observation of a cut on the defendant's finger. The defendant claimed that the police did not have probable cause for a warrantless arrest. After an evidentiary hearing, the judge denied the motion, finding that the police had probable cause to arrest the defendant.
Motion to suppress.[2] The defendant filed a motion to suppress claiming that the police lacked sufficient evidence identifying him as the assailant. He claimed that the eyewitness identification of him and the victim's identification of him from a photographic array were insufficient to establish probable cause for a warrantless arrest.
"In reviewing a decision on a motion to suppress, 'we accept the judge's subsidiary findings of fact absent clear error "but conduct an independent review of [her] ultimate findings and conclusions of law." ' " Commonwealth v. Keefner, 461 Mass. 507, 515 (2012), quoting from Commonwealth v. Scott, 440 Mass. 642, 646 (2004). "We make an independent determination of the correctness of the judge's application of constitutional principles." Commonwealth v. Cassino, 474 Mass. 85, 88 (2016) (quotation omitted).
Notably, the defendant does not argue that the judge's findings are clearly erroneous. Indeed, at oral argument, he conceded that the police had probable cause and, having reviewed the record, we agree. Probable cause to arrest "exists where, at the moment of arrest, the facts and circumstances within the knowledge of the police are enough to warrant a prudent person in believing that the individual arrested has committed or was committing an offense." Commonwealth v. Franco, 419 Mass. 635, 639 (1995), quoting from Commonwealth v. Santaliz, 413 Mass. 238, 241 (1992).
Instead, on appeal, the defendant claims for the first time that the arrest was made at the curtilage of the apartment and therefore a warrant was required. The defendant also claims that all he need do is file a motion to suppress citing as the basis the mere fact that he was arrested without a warrant. We disagree on both claims.
Pursuant to Mass.R.Crim.P. 13(a)(2), as appearing in 442 Mass. 1516 (2004), a motion to suppress "shall state the grounds on which it is based and shall include in separately numbered paragraphs all reasons, defenses, or objections then available, which shall be set forth with particularity." This requirement "alerts the judge and the Commonwealth to the suppression theories at issue, and allows the Commonwealth to limit its evidence to these theories." Commonwealth v. Silva, 440 Mass. 772, 781 (2004). Unsurprisingly, the judge's findings are devoid of any discussion of this claim as it was not raised in the motion to suppress. Judges cannot be expected to rule on theories that are not presented to them. "Our system is premised on appellate review of that which was presented and argued below." Commonwealth v. Bettencourt, 447 Mass. 631, 634 (2006). This claim is waived. See Mass.R.Crim.P. 13(a)(2) ("Grounds not stated which reasonably could have been known at the time a motion is filed shall be deemed to have been waived ..."). The question of curtilage is not new and could have been raised in the motion. See Commonwealth v. Murphy, 353 Mass. 433, 436-437 (1968).
As the defendant details, a curtilage analysis is a fact-specific one. See Commonwealth v. Leslie, 477 Mass. 48, 55 (2017). Here, the Commonwealth was not on notice of the defendant's theory that he was arrested without a warrant in the curtilage of the apartment. As a result, the evidence presented on the details of the apartment building, the apartment in question, and the hallway in front of it was de minimus. In United States v. Dunn, 480 U.S. 294, 301 (1987), the United States Supreme Court set out four factors to be used to determine whether the area in question falls within the protection of the Fourth Amendment to the United States Constitution. Such an analysis must be decided on a case-by-case basis. See Commonwealth v. Fernandez, 458 Mass. 137, 143 (2010). By failing to raise this issue below, the Commonwealth was not afforded the opportunity to present evidence on the Dunn factors; the judge was not asked to make such findings; and this panel cannot review the theory, raised for the first time on appeal.
Judgments affirmed.

We rely solely on the testimony at the suppression hearing, notwithstanding the defendant's citation to trial testimony.